Emanuel Mandel

v.

The Swan Land and Cattle Company, Limited.*

*Filed at Ottawa January 15, 1895.*

1. Conflict of Laws—*stockholder's liability determined by law of the corporation's domicile.* The liability of stockholders in foreign corporations must be determined by the law of the State under which such corporations were created.

2. Same—*when liability for calls by foreign corporation will be enforced.* The liability of a stockholder to the corporation for calls made, though dependent upon the phraseology of the statute creating it, is contractual, and will ordinarily be enforced by the courts of another jurisdiction, unless a wrong or injury will be done to the citizens of such jurisdiction or the policy of its laws will be contravened or impaired.

3. Same—*effect of forfeiture on stockholder's liability for calls.* A right of recovery by a foreign corporation of calls made upon stock which has been forfeited for non-payment of such calls, being in conflict with the current of legislation in this country, cannot depend on a by-law, merely, but must exist in the act under which the company is incorporated.

4. Same—*right of foreign corporation to recover calls rests on contract, and not comity.* The right of a corporation to recover in another jurisdiction the amount of calls made upon its stock does not depend upon any principle of comity, but upon the right to enforce a contract validly entered into.

5. Same—*effect of Illinois statute on foreign stockholder's liability.* The statute providing that foreign corporations doing business in this State shall be subject to the liabilities, restrictions and duties imposed upon domestic corporations, and have no other or greater powers, does not relieve a citizen becoming a stockholder in a foreign corporation from a liability for calls made upon stock, imposed by the statute under which such corporation was organized.

6. Same—*words "doing business in this State," construed.* The words "doing business in this State," in the statute limiting the powers of foreign corporations, refer to the business for which the foreign corporation is organized, and not to its doings with its own members, or its resort to the courts here to enforce liabilities.

7. Corporations—*cannot forfeit stock and afterwards collect calls.* The general rule in the United States is, that while a corporation

---

*Henry L. Frank v. Swan Land and Cattle Co. Limited, Louis E. Frank v. Same,* and *Joseph E. Friend v. Same,* were considered with and decided by the above case.
154—12

having the right, under the statute creating it, to declare a forfeiture of shares for non-payment of calls, may exercise an option to forfeit the stock or sue for the amount of the calls, it cannot forfeit the stock and afterwards sue at law for such amount.

8. SAME—*positive statute controls mere equitable rule.* A positive statutory provision that a corporation may not only forfeit stock for non-payment of calls, but collect all calls made prior to the forfeiture, will control any principle adopted as a mere equitable rule.

. 9. SAME—*right to recover calls does not include interest and expenses.* A statute authorizing recovery by a foreign corporation, after forfeiture of corporate stock, of all calls owing upon it at the time of forfeiture, does not authorize recovery of interest and expenses thereafter accruing.

10. SAME—*when calls may be made, although entire stock is not taken.* A foreign corporation whose articles of association provide that the holders of shares for the time being, whatever the number issued or subscribed for, shall form the company, may make calls upon its stock, although the entire amount of stock has not been subscribed for or the shares allotted.

. 11. EVIDENCE—*contents of corporate books not competent.* Secondary evidence of the books and papers of a corporation is inadmissible in its behalf, where the originals are under its control.

12. SAME—*opinion as to contents of books and papers not proper.* Proof of papers, entries and records of a private corporation, in its possession, cannot be made by the opinion or conclusion of a witness.

13. SAME—*memoranda may be referred to by witness making them.* Entries of mailing letters and notices of calls upon corporate stock are mere memoranda, to which the person making them may refer to refresh his recollection, and not a record, which can be proved only by the originals or by certified copies.

*Mandel* v. *Swan Land and Cattle Co.* 51 Ill. App. 204, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

OTIS & GRAVES, for appellant:

It is the settled law of this country that no action can be maintained by a corporation to recover upon a call made upon its stock after the stock itself has been forfeited by the corporation for non-payment. *Small* v. *Herkimer Manf. Co.* 2 N. Y. 330; *Railroad Co.* v. *Dudley*, 14 id.

336; *Mills* v. *Stewart*, 41 id. 384; *Ashton* v. *Burbank*, 2 Dill. 435; *Railroad Co.* v. *Thrall*, 35 Vt. 553; Cook on Stock and Stockholders, 121-134.

*Railroad Co.* v. *Kennedy*, 4 Exch. 417, construing an early English statute relating to corporations, sustained the power to bring suit after forfeiture; but it was conceded that judgment must be rendered only for the difference between the amount realized from sale of the stock and the amount of the call, and there is not a word in the opinion to warrant a recovery in such a case as is now before this court.

The power to sue and recover the amount of a call after forfeiture of the stock for non-payment of that particular call, was not given to the appellee by the statutes of Great Britain, or otherwise, and the articles of association neither can, nor, properly construed, do, confer any such power. Buckley's Companies' Act, secs. 6, 8, 14, 15; *Railroad Co.* v. *Thrall*, 35 Vt. 553.

The appellee being a foreign corporation, organized under the general statutes of Great Britain, can exercise no powers in this State except by comity. Nor can a foreign corporation exercise any right which is not conferred on a corporation created by our laws. Rev. Stat. sec. 26, chap. 32.

As to what will constitute "doing business in this State," within the terms of the statute above quoted, see *Female Academy* v. *Sullivan*, 116 Ill. 384; *Granite State Provident Ass.* v. *Lloyd*, 145 id. 620; *Stevens* v. *Pratt*, 101 id. 206; *Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349; *Hutchins* v. *Coal Co.* 4 Allen, 580; *Jones* v. *Sisson*, 6 Gray, 288; *Railroad Co.* v. *Bartlett*, 12 id. 244; *Blackstone Manf. Co.* v. *Blackstone*, 13 id. 488; *Halsey* v. *McLean*, 12 Allen, 438; *Smith* v. *Insurance Co.* 14 id. 336; *Railroad Construction Co.* v. *Railroad Co.* 135 Mass. 34; *Ash* v. *Railroad Co.* 72 Md. 144; *Richardson* v. *Railroad Co.* 98 Mass. 85; *Usher* v. *Railroad Co.* 126 Pa. St. 206; *Hanna* v. *Railroad Co.* 45 Ill. App. 116; *Railroad Co.* v. *Cragin*, 71 Ill. 177.

If the right of action in this case is given by a statute of Great Britain, we claim that it is purely and simply an action to enforce the penal statutes of a foreign country, for which no claims of comity can be invoked. *Sherman* v. *Gassett*, 4 Gilm. 521; *Diversy* v. *Smith*, 103 Ill. 379; *Land Co.* v. *Jernigen*, 126 Mass. 155; *Insurance Co.* v. *Hall*, 121 id. 271; *Horse Nail Co.* v. *Linden Spring Co.* 142 id. 349; *Ericson* v. *Neesmith*, 4 Allen, 233; *Halsey* v. *McLean*, 12 id. 438; *Woods* v. *Wicks*, 75 Tenn. 40; *Bank* v. *Franklin*, 120 U. S. 747; *O'Reilly* v. *Railroad Co.* 5 L. R. A. 364; *Derickson* v. *Smith*, 23 N. J. L. 166; *Bank* v. *Price*, 33 Md. 487.

Before any call can be enforced upon shares of stock in a corporation, it must be shown that the capital of the company has been all subscribed,—of which there is absolutely no evidence in this record. *Railroad Co.* v. *Gould*, 2 Gray, 277; *Fry* v. *Railroad Co.* 2 Metc. (Ky.) 314; *Allman* v. *Railroad Co.* 88 Ill. 521; *Temple* v. *Lemon*, 112 id. 51; *Bray* v. *Farwell*, 81 N. Y. 600; Beach on Corp. sec. 566.

SWIFT, CAMPBELL, JONES & MARTIN, for appellee:

The right of action now exercised by appellee is expressly given by its articles of association, and these articles are expressly warranted by the laws of Great Britain. Buckley's Companies' Act, (4th ed.) p. 16, secs. 14, 15, 37-39.

The forfeiture of shares discharges the liability to pay calls due before forfeiture, only when the charter of the company contains no provision to the contrary. *Small* v. *Herkimer Manf. Co.* 2 N. Y. 330; *Railroad Co.* v. *Thrall*, 35 Vt. 553; *Dawes case*, 38 L. J. 512; Morawetz on Private Corp. sec. 125.

When a person accepts shares in a corporation he assumes the obligations imposed upon the shareholders by the charter of the corporation, and he is bound to take notice of the provisions of the charter. Morawetz on Private Corp. secs. 591, 874, 875; *Bank* v. *Gustin Minerva Con. Minn. Co.* 42 Minn. 327.

The statute of Illinois relating to foreign corporations has no bearing whatever upon any question in this case. Section 26 of our Corporation act is limited by its express terms to foreign corporations "doing business in this State."

The line of distinction between a statutory liability which is penal, and a statutory liability which is contractual and not penal in its character, is drawn by Cook on Stock and Stockholders, (2d ed.) sec. 223. See, also, *Queenan* v. *Palmer,* 117 Ill. 619; *Flash* v. *Conn.* 109 U. S. 371.

It was not necessary in this case to allege or to prove that all of the capital stock of the plaintiff corporation had been subscribed for. The registered holders of shares in the company for the time being, whatever the number issued or subscribed for, shall be associated and shall form the company, and the business of the company may be commenced as soon as the directors think fit. Buckley's Companies' Act, (4th ed.) 19; *Ornamental Pyrographic Co.* v. *Brown,* 2 H. & C. 63.

PHILLIPS, J.: The appellee was a corporation organized in Scotland under the Companies' Act of 1862 of the United Kingdom, in which appellants became shareholders. The capital stock of the company was £600,000, divided into 60,000 shares, of £10 each. The appellant Mandel became the owner of 380 shares, the appellant Henry L. Frank became the owner of 140 shares, Louis E. Frank was the owner of 395 shares, and Joseph E. Friend was the owner of 99 shares. On these shares calls had been made and paid, amounting to the sum of £6 per share. On the 11th of October, 1887, a call was made of £1 2s per share by the directors, which not being paid, they, by a resolution of the board passed September 4, 1888, declared the stock forfeited. On the 24th of March, 1890, the appellee instituted its actions of assumpsit in the circuit court of Cook county to recover from each of said several appellants the amount owing on their stock by

reason of the calls so made, and filed its declarations setting up the foregoing facts, to which the defendants therein filed pleas of general issue and *nul tiel corporation*, and on trial before the judge, a jury being waived, appellee recovered judgments, whereupon appeals were prosecuted to the Appellate Court for the First District, where the several judgments were affirmed, and these appeals are now prosecuted to this court. The same questions of law are presented in the several cases.

By stipulation certain portions of the acts of parliament of Great Britain, comprising what is generally known as the "Companies' Act of 1862," with its amendments, were in evidence, from which it appears that seven or more persons, by subscribing their names to a memorandum of association, and otherwise complying with the statute in respect of registration, may form an incorporated company, with or without limited liability. The act contains the usual provisions prescribing the powers and duties of corporations, the manner in which they can be created, their business conducted, and how their affairs may be wound up and put into liquidation in case of insolvency. By a schedule to this act, known as "Table A," certain regulations for the management, government and control of the business affairs of corporations organized under this law are given, which each corporation was at liberty to adopt or make other and different regulations in lieu thereof. These regulations contained in "Table A" are substantially by-laws regulating the manner in which the corporate business may be conducted. The appellee did not adopt the regulations in "Table A," but expressly provided they should not apply, and this they were authorized to do by the act.

The appellee introduced the evidence of sundry witnesses, by deposition, who testified, in substance, that the books of the company showed that the appellant Mandel was the owner of 380 shares of the capital stock of the company, of the par value of £10 per share, on

which only £6 per share had been paid in, and that a call was made by the directors on the stock of the appellant, on the 11th day of October, 1887, of £1 2s per share, which was not paid, and that in September, 1888, the same was duly forfeited for non-payment of the call, but the corporate books and records themselves were not offered in evidence on the trial. The only indebtedness of the appellant to the company was for the call made upon the shares standing in his name, for non-payment of which they were forfeited more than a year before the commencement of suit, and all previous calls had been paid by appellant. No attempt was made to show the amount realized by the company from forfeiture and re-sale of the stock of appellant, or in what manner it was disposed of, or its value, and the witness Dun, the secretary, refused to answer cross-interrogatories seeking to ascertain what disposition of the forfeited shares had been made by the company, and how much it had realized from such re-sale. Objections were duly interposed by the appellant to certain designated portions of the depositions, and the court was asked to suppress the same, on the ground that parol statements of the contents of the corporate books and records were offered in evidence, instead of producing the original books themselves. The minute book itself was not offered in evidence on the trial, though shown to be in the possession of appellee.

Appellant asked the court to hold propositions of law numbered one to eight, inclusive, which was refused, and there was a finding and judgment for the appellee for the sum of $2570.61, being the full amount of the call, with interest thereon at six per cent per annum, without any credit for the amount received by the company from the forfeiture and re-sale of the shares. Motions for a new trial and in arrest of judgment having been overruled by the court, this appeal is prosecuted from the judgment. This suit was instituted by the company itself, and the rights of creditors are not involved.

It is urged by appellant that no action can be maintained by a corporation to recover upon a call made upon its stockholders, where, for the same call, the stock has been, by resolution of the board of directors of the corporation, declared forfeited for non-payment of that call. The appellee being a foreign corporation, the general rule is, that the liability of stockholders in such corporation must be determined by the law of the State which created it. The law of such foreign State cannot operate beyond its own territory, and its right to do business in this State or create relations between itself and citizens of this State, as members, exists by comity alone. The liability of a stockholder to the corporation for calls made has but slight analogy to a debt, but is a statutory liability, the form and extent of which is dependent upon the particular phraseology of the statute creating the liability. It is not a penalty, but a liability that is contractual, and will ordinarily be enforced by the courts of all the States, unless where a wrong or injury will be done to the citizens of the State in which the calls are sought to be enforced, or the policy of the laws of such State will be contravened or impaired. This rule is so uniformly held that the citation of authorities is unnecessary.

The general rule in the States of this country is, that where a corporation has a right, under the statute creating it, to declare a forfeiture of shares for non-payment of calls, it may exercise its option to forfeit the stock or bring its action to collect the amount of the calls, but cannot forfeit the stock and afterward sue at law, as the exercise of the first option would end the relation between the parties and exclude a resort to the other. (*Small* v. *Herkimer Manf. Co.* 2 N. Y. 330 ; *B. & N. Y. C. Railroad Co.* v. *Dudley,* 14 id. 336 ; *Rutland Railroad Co.* v. *Thrall,* 35 Vt. 536.) But it never has been held that a right to do both cannot be given. When the act of incorporation gives the right to declare a forfeiture, and at the same time

reserves to the company the right to collect all calls made prior to such declaration, it must be held that the positive enactment will control, and any principle adopted as a mere equitable rule must yield to such express provision.  This corporation, in its articles of association, expressly provided that "the regulations contained in the table marked 'A,' in the first schedule to the Companies' Act of 1862, shall not apply to the company."  The table marked "A," in the first schedule to the Companies' Act, is practically a system for the government of a company organized under that act.  Section 14 of the act authorizes incorporators thereunder, by their articles of association, to adopt all or any of the provisions contained in the table marked "A," in the first schedule.  Section 15 of the act is as follows: "In the case of a company limited by shares, if the memorandum of association is not accompanied by articles of association, or in so far as the articles do not exclude or modify the regulations contained in the table marked 'A,' in the first schedule hereto, the last mentioned regulations shall, so far as the same are applicable, be deemed to be the regulations of the company, in the same manner and to the same extent as if they had been inserted in articles of association and the articles had been duly registered."  Section 17 of "Table A" provides, if a member fail to pay any call, as made, the directors may serve a notice on him requiring him to pay such call, together with interest and expenses.  Section 18 is as to the notice provided for in section 17.  Section 19 provides for forfeiture for non-compliance with above notice, whilst section 20 provides that any share so forfeited shall be the property of the company.  Section 21 is as follows: "Any member whose shares have been forfeited, shall, notwithstanding, be liable to pay to the company all calls owing upon such shares at the time of forfeiture."  Sections 34, 35, 36 and 37 of the articles as adopted by this corporation are practically and substantially an adoption of sections 17, 18, 19 and

20 of "Table A," of the first schedule to the act of 1862, whilst in lieu of section 21 the following act of association is adopted as section 39: "Any member whose shares have been forfeited, shall, notwithstanding, be liable to pay, and shall forthwith pay, to the company all calls, installments, interest and expenses owing upon or in respect of such shares at the time of the forfeiture, together with interest thereon from the time of forfeiture until payment, at the rate of five per cent per annum, and the directors may enforce the payment thereof, if they think fit."

No provisions of the act are pleaded or offered in evidence which authorize a recovery of calls after a declaration of forfeiture, other than section 21 of "Table A," and a right of recovery in such case being in conflict with the current of legislation here, cannot depend on a by-law merely, but to be enforced must exist in the act authorizing the incorporation of the company. The provisions of section 21 of the act authorize a recovery, after forfeiture, of all calls owing upon such forfeited shares at the time of forfeiture, but it has no provision authorizing a recovery for interest and expenses thereafter accruing. If the by-law adopted as section 39 depends for its existence upon some other provision of the Companies' Act of 1862, such other provision should have been properly incorporated into the record. There is no provision that authorizes a recovery for calls, installments, interest and expenses, and a judgment for $2570.61 on a call of £1 2s on 380 shares cannot be sustained, even under section 21 of "Table A."

Appellant further insists that appellee, being a foreign corporation, can exercise no rights except such as are conferred on a corporation created by a statute of this State. Beach, in his work on Private Corporations, states the rule in reference to stockholders in foreign corporations as follows: "Where a person becomes a stockholder in a corporation organized under the laws of

a foreign State, he must be held to contract with refer-
ence to all the laws of the State under which the corpo-
ration is organized and which enter into its constitution,
and the extent of his individual liability as a shareholder
to the creditors of the company must be determined by
the laws of that State, not because such laws are in force
in the other State, but because he has voluntarily agreed
to the terms of the company's constitution. It is equally
clear, both upon principle and authority, that this liabil-
ity may be enforced by creditors wherever they can ob-
tain jurisdiction of the necessary parties. This does not
depend upon any principle of comity, but upon the right
to enforce in another jurisdiction a contract validly en-
tered into. The validity, interpretation and effect of the
act imposing the liability are determined by the law of
the State creating the corporation." (Sec. 148.) And the
author cites many authorities which sustain his state-
ment of the rule. The statute of this State which pro-
vides that "foreign corporations doing business in this
State shall be subject to all the liabilities, restrictions
and duties that may be imposed upon corporations of like
character organized under the general laws of this State,
and shall have no other or greater powers," does not pro-
hibit a citizen of this State from becoming a stockholder
in a foreign corporation, nor relieve him in any way from a
contract liability resulting from his voluntary action in
becoming such stockholder. The statute, by the term
"doing business," has reference to the business for which
the corporation was organized, and not to the form of its
by-laws with reference to its relations to its own mem-
bers, or a resort to the courts of this State to recover a
contract liability. The principle as announced and the
rule as stated in *Stevens* v. *Pratt et al.* 101 Ill. 206, *Granite
State Provident Ass.* v. *Lloyd*, 145 id. 620, and *Santa Clara
Female Academy* v. *Sullivan*, 116 id. 375, are not inconsist-
ent with what is here said, as in each of those cases
active business was entered on of the character for which

the corporation was organized. Appellee would not be doing business in this State by resorting to the courts here to enforce a contract liability, nor would the purchase of shares of stock by appellant of one holding such shares, and their transfer on the books of the company in a foreign jurisdiction, bring such company within this State doing business, within the meaning of section 26 of the act entitled "Corporations."

The contention of appellant that calls could not be made by this corporation until the entire amount of stock had been subscribed cannot be sustained, as by section 5 of the articles of association authorized by the act of parliament, "the registered holders of shares in the company, for the time being, whatever the number issued or subscribed for, shall be associated and shall form the company, and the business of the company may be commenced as soon as the directors think fit." Under this provision of the articles, made in accordance with the act, it is not a condition precedent to the right to make a call that all the stock must be subscribed for or the shares allotted. (Buckley's Companies' Act, (4th ed.) 19; *Ornamental Pyrographic Co.* v. *Brown*, 2 H. & C. 63; 32 L. J. Ex. 190.) There is nothing in the articles of association which states the subscribers shall not be associated, for the purposes of the company, till a particular event happens, such as a subscription to or the allotment of a particular number of shares, as was the case in *Pierce* v. *Jersey Water Works*, 5 Ex. D. 209, and in *North Stafford Steel, Iron and Coal Co.* v. *Ward*, 3 id. 172. It cannot be held a defense to an action for a call here, that the capital is not fully subscribed or allotted.

It was not error to refuse to hold as law the propositions submitted by appellant.

Previous to the commencement of the trial a motion was made by appellant to suppress and strike out certain portions of the answers of Finley Dun, Thomas Murray, George Milne and John Reed, witnesses for appellee.

The motion as to Dun's deposition was, that in his answer to the fifth and eighth interrogatories he purported to give the contents of the register of members of the company, and the minutes of a meeting of the board of directors and a resolution adopted, and by his answer to the seventh interrogatory he purported to give copies of the books of account and original entries of the plaintiff, and because of his refusal to answer the third cross-interrogatory. The objections to the depositions of Murray and Milne, in their answers to the seventh interrogatory, were the same as made to the answers of Dun to the fifth and eighth interrogatories, and the deposition of Reed was objected to for the reason that in his answer to the eighth interrogatory he was permitted to give what purports to be the contents of the postage book by him referred to, etc. The motion to suppress depositions was overruled, and an objection to the answers made on trial, which objection was also overruled.

By section 15 of chapter 57 of the Revised Statutes of Illinois, "the papers, entries and records of any corporation or incorporated association may be proved by a copy thereof, certified under the hand of the secretary, clerk, cashier or other keeper of the same. If the corporation or incorporated association has a seal, the same shall be affixed to such certificate." By section 18 of the same chapter it is provided that "any such papers, entries, records and ordinances may be proved by copies, examined and sworn to by credible witnesses." In addition to the evidence authorized by the statute, the original books would be admissible, and in case of loss or destruction the contents might be proven, and under certain circumstances, where there is an omission to make any record on the subject, parol evidence may be heard. (*Ratcliffe* v. *Teters*, 27 Ohio St. 66; *Bank of United States* v. *Dandridge*, 12 Wheat. 64.) The original books, and the evidence provided for by sections 15 and 18 of the statute, are original evidence, and evidence of a secondary nature

is not to be resorted to where there is in the possession of a party evidence of a higher and more satisfactory character. Proof of the papers, entries and records of a private corporation in possession of that corporation can not be shown by an opinion or conclusion of a witness. The evidence must be primary, original evidence. Certain parts of the depositions of Dun, Murray and Milne should have been suppressed, where they stated a conclusion as to what is shown by the records. The evidence of Reed was as to mailing notice, and the entries as to his mailing letters, etc., are a mere memorandum to which he could refer to refresh his recollection, and not a record of which copies must be made. It was not error to overrule the motion to suppress his deposition.

For the errors indicated, the judgments of the Appellate Court and circuit court of Cook county must be reversed, and the cause remanded to the circuit court of Cook county for new trial.

Reversed and remanded.

Mr. JUSTICE BAKER: I dissent; I think that the judgment should be affirmed.