ELLEN DUFFY KING

*v.*

INTERNATIONAL BUILDING, LOAN & INVESTMENT UNION.

*Opinion filed November 1, 1897—Rehearing denied December 14, 1897.*

1. LOAN ASSOCIATIONS—*payments on stock must continue until full value is given.* By the provisions of the act of 1879 on homestead loan associations (Laws of 1879, p. 83,) subscriptions to stock must be paid in periodical installments, until the amount paid in, together with the earnings, equals the full face value of the shares.

2. SAME—*contract that stock will mature when part of subscription is paid is illegal.* A contract between a loan association organized under the act of 1879, and its subscribers, that the payment of periodical installments for a fixed period shall be accepted by the

association as full payment of the subscription, is inconsistent with the statute and antagonistic to the purpose of the association, and is not enforceable as a contract.

3. SAME—*fact that by-law authorizes illegal contract does not make it binding.* A by-law of a loan association which authorizes contracts that stock should mature at a fixed period upon part payment of the subscription, does not make the contract binding where the by-law is inconsistent with the statute.

4. SAME—*illegality of contract to mature stock before full payment does not affect holder's ownership of stock.* The invalidity of an agreement between a loan association and a subscriber as to the maturity of his stock upon part payment of the subscription does not affect the subscriber's ownership of the shares of stock called for in his certificate, but such stock must be treated as of the kind which the association might lawfully issue under the statute.

5. SAME—*holder of stock to mature before full payment, occupies same position as other stockholders.* The holder of stock which, by illegal agreement, was to have matured before full payment of the subscriptions, occupies the position of a mere stockholder, having the same rights as, but no privileges over, fellow-stockholders.

6. SAME—*stockholder cannot recover dues without withdrawal or retirement of stock.* A stockholder in a loan association cannot recover dues paid in upon his stock without having first withdrawn or retired his stock in accordance with the provisions of the statute and such by-laws as are in conformity therewith.

*International Building Union* v. *King,* 68 Ill. App. 640, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

The action was assumpsit, brought by the appellant, against the appellee, the International Building, Loan and Investment Union, in the Superior Court of Cook county. The declaration contained (1) a common count for goods, wares and merchandise alleged to have been sold and delivered by the plaintiff to the defendant union, at its request; (2) a second common count, which was the consolidated money counts; (3) a third common count, alleging indebtedness found due and owing plaintiff upon an accounting had with the defendant of and concerning

divers sums of money before that time due and owing from defendant to plaintiff; and also a (4) special count.

The special count alleged the plaintiff applied for twenty shares of stock in the defendant union, and was granted a certificate of the union constituting her a shareholder of that number of shares of. stock, and agreeing that the union would pay plaintiff the sum of $100 for each of said shares of stock at the end of six years, provided the said plaintiff should pay the sum of seventy-five cents each month upon each of said twenty shares of stock for the said period of six years, and a fee of five per cent upon the par value of said shares at the time of the maturity of the contract; that the said period of six years has elapsed, and the plaintiff surrendered ten of said shares and made all payments required of her to be made to the union on the remaining ten shares, and complied with all the terms and conditions of the certificate, whereby the defendant union became and was indebted to her in the sum of the par value of the said ten shares, and in consideration of the said indebtedness undertook and promised to pay the same to her on demand, but, though often demanded, failed and refused so to do, wherefore, etc.

On the 11th day of July, 1896, said Superior Court caused to be entered of record a judgment in the sum of $971.50 against the union, by default. The said union entered its motion to set aside the default and judgment, and in support thereof submitted divers affidavits, together with documentary evidence, and in opposition thereto the appellant presented an affidavit. The court overruled the motion, and the appellee union prosecuted an appeal to the Appellate Court for the First District to reverse the judgment and the order of the court refusing to allow the motion to set aside the default. The Appellate Court reversed the judgment of the Superior Court, refused to remand the cause, and caused to be entered in its judgment the following as a finding of fact in the

case, viz.: "The court finds that the certificate upon which the plaintiff below recovered judgment was issued without lawful authority, and is not binding upon the defendant union." This is an appeal prosecuted to reverse the judgment of the Appellate Court.

GEORGE W. BROWN, for appellant:

The certificate of stock was a solemn agreement on the part of appellee to pay appellant the amount of her shares in six years from the date of issuance. This promise was not modified, restricted or overridden by anything in the by-laws. This agreement is in all respects *infra vires* and legal, and is binding on appellee. Even if such agreement is *ultra vires*, it was not immoral, contrary to public policy, or prohibited by statute. Consequently, it is not void, and appellee is estopped to set up that it was *ultra vires*. *Kadish* v. *Building Ass.* 151 Ill. 531; *Benefit Ass.* v. *Blue*, 120 id. 151; *Bradley* v. *Ballard*, 55 id. 415; *Darst* v. *Gale*, 83 id. 136.

The agreement to pay stock in six years from date of issuance was part of the fundamental plan of the association. All stock was subscribed on this basis. Hence, the association and its shareholders are estopped to set up the illegality, even if the agreement was in fact illegal. *Insurance Co.* v. *Frear Stone Manf. Co.* 97 Ill. 537; *Insurance Co.* v. *Osgood*, 93 id. 69; *American Tube Works* v. *Machine Co.* 139 Mass. 5; *Higgins* v. *Lansingh*, 154 Ill. 301; *Kent* v. *Mining Co.* 78 N. Y. 159; *Scoville* v. *Thayer*, 105 U. S. 143; Cook on Stockholders, (3d ed.) secs. 551, 267, 268; *Lockhart* v. *VanAlstine*, 31 Mich. 76; 5 Thompson on Corporations, sec. 6032; *Willoughby* v. *Railroad Co.* 50 N. J. Eq. 656; *Thresher Manf. Co.* v. *Langdon*, 44 Minn. 37.

Even if the agreement to pay the stock in six years is absolutely void, and appellee is not estopped to set up the illegality, appellant is entitled to recover, under the common counts, the monthly installments paid by her under the contract, with interest. 5 Thompson on Corpo-

rations, secs. 5984, 6007; *McCormick* v. *Bank*, 162 Ill. 100; *Day* v. *Buggy Co.* 57 Mich. 146; *Railroad Co.* v. *Railroad Co.* 131 U. S. 371; *Louisiana* v. *Wood*, 102 id. 294; *Paul* v. *Kenosha*, 22 Wis. 266; *Anthony* v. *Sewing Machine Co.* 16 R. I. 571.

ALLAN C. STORY, and STORY, REDFIELD & RUSSELL, for appellee:

Corporations possess such powers, and such only, as are conferred upon them by the law of their creation, and those who deal with them are chargeable with notice of their powers and the limitations of their capacity, and cannot plead ignorance of the public laws and the constitution. Every person is bound, in dealing with a corporation to take notice of the extent of its power. *Pearce* v. *Railroad Co.* 21 How. 441; *McGregor* v. *Railway Co.* 16 Eng. L. & Eq. 180; *Steamship Co.* v. *Dock Co.* 28 La. Ann. 173; *Franklin County* v. *Institution for Savings*, 68 Me. 43; *Davis* v. *Railroad Co.* 131 Mass. 258; *Bank* v. *Globe Works*, 101 id. 57; *Water Co.* v. *Dekay*, 36 N. J. Eq. 548; *Durkee* v. *People*, 53 Ill. App. 396.

Mr. JUSTICE BOGGS delivered the opinion of the court:

It appears from the statement of facts set out in the brief of the appellant that the only cause of action is that set out in the special count of the declaration. The argument for appellant proceeds upon the same theory, and relies upon the common counts only in connection with the demand set forth in the special count. The case is presented by the appellant upon the theory the only proofs introduced in the Superior Court in making an assessment of damages under the default were such as related to the allegations of the special count. The only question referred to in the brief of counsel in this court is, whether a good cause of action was set up in the special count of the declaration. We may therefore confine our attention to the single question presented by the brief.

The appellee union is a corporation organized under the provisions of an act of the General Assembly entitled "An act to enable associations of persons to become a body corporate to raise funds to be loaned among the members of such association," in force July 1, 1879. The provisions of the act do not authorize corporations formed under it to enter into agreements with those who may become subscribers to its capital stock, that the shares issued to such subscriber shall mature at a fixed period, but require that subscriptions shall be made payable in periodical installments, (not exceeding two dollars on each share,) which periodical payments shall be made by the subscriber until such payments, together with the earnings of the union, shall equal the full face value of the shares. (Hurd's Stat. 1897, chap. 32, sec. 83.) All contracts and agreements of such corporations to the effect that the payment of periodical installments for a fixed period shall be accepted as payment in full of subscriptions to its stock are inconsistent with the statute under which the corporation has its existence, and antagonistic to the legal purposes and plans of such organization, and not enforceable as contracts merely. (2 Morawetz on Private Corp. secs. 682, 683; 1 Thompson's Com. on Law of Corp. 1011.) Whether the infirmity in such contracts may be removed by subsequent ratification or long acquiescence of all the other holders of stock need not be here considered, for there is no averment of that character in the declaration, and the sole question before us is, whether the averments of the declaration are sufficient to show a cause of action.

It is urged the by-laws adopted by the appellee union authorized the agreement that the stock should be matured in the period of six years by the payment of the sum of seventy-five cents per month on each share during that time. If this were true, the by-laws would be ineffectual to make the agreement valid, for the reason a corporation has no power to enact a by-law inconsistent

with the statute under which it was created. The agreement would operate to give the appellant an unjust preference unless entered into with all other stockholders, and if entered into with all stockholders the obligation would be mutually binding upon all holders of stock. If the business of the corporation had not been sufficiently profitable to enable it to carry out the terms of the agreement, a question would be presented whether the agreements should be abandoned as to all or enforced as against all. Corporations of this character are mutual in character. Indeed, the obligations of the shareholders are akin to those of partners in a co-partnership. The plan of issuing stock containing such agreements is entirely foreign to the purposes of the corporation contemplated by the statute under which the one at bar was organized, and we cannot but regard them as of no force and effect, and it seems no injustice will befall any stockholder because of the invalidity of such an agreement.

If the amounts paid into the treasury of the union by way of installments and the earnings of the union equal the face value of the shares of stock, the shareholder would be in nowise benefited by an enforcement of the agreement. If, however, the amounts received from installments, together with the earnings, do not equal the face value of the stock, no shareholder could justly demand his fellow-shareholder should make up the deficiency to him without the same obligation should rest upon him to contribute to make good the deficiency as to each other share of stock, in which event he would lose as much as he would gain by an enforcement of the agreement.

It is proper, if not necessary, in view of the finding of fact made by the Appellate Court, we should remark the certificate of stock held by the appellant constitutes her the lawful owner of the shares of stock therein mentioned. The union is a creature of the statute, and as such had full authority to receive her subscription to its capi-

tal stock.   Such subscription, however, must be deemed to have been received by it and made by her in view of the statutory provisions authorizing the stock to be issued. The statute authorized subscriptions to be received payable in periodical installments of dues, but expressly declared that "the payment of such dues shall continue on each share until the same shall have reached maturity value, or is withdrawn or retired." (Hurd's Stat. 1897, chap. 32, sec. 83.) This provision entered into appellant's contract of subscription and became a part of such contract. Indeed, in legal contemplation the provision is incorporated into her certificate as fully as if set forth therein at length in writing. This the appellant knew or must be deemed to have known. It controlled as against the illegal agreement that the stock should be matured at a period fixed arbitrarily, and without regard to the statutory requirement that stock should only mature when it reached par value. That illegal agreement being inoperative, the lawful contract remained in full force, and the appellant became and was the holder and owner of the shares of stock for which she subscribed. Her position now is that of a stockholder in the union, and as such she is entitled to all the rights and privileges which, under the statute and the by-laws of the union made in pursuance of the statute, appertain to a holder of shares in its capital stock, but not to any privilege not also secured by the statute to her fellow-shareholders. It follows she is not entitled to demand re-payment of dues paid by her to the union, except upon withdrawal or retirement of her stock in accordance with the provisions of the statute, and such by-laws as the union may have adopted in conformity with the statute.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*