## Royal Trust Co., Receiver of the Loan and Investment Co., v. Andrew Culver and Elizabeth Culver.

1. BUILDING AND LOAN ASSOCIATIONS—*Officers are Agents of the Stockholders.*—A stockholder in a building and loan association in this State is a member, and constituent part, of the association, and the officers of the association are his agents as well as the agents of the other stockholders.

2. SAME—*Contracts Between Officers and Members.*—A contract between the officers of a building and loan association and one of its members which gives to such member an advantage or preference over other members can not be enforced in a court of equity.

3. SAME—*Agreements to Mature Stock, etc.*—An agreement on the part of the association with a member to mature his stock at the end of a stated period is not to be enforced or construed in such manner as to give a preference over the other members of the association. Such member is not entitled to any greater dividends, or larger per cent of the profits, than a non-borrowing member, nor is he entitled to any special advantage over other members from the fact that he is indebted to the company.

**Foreclosure** —Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

**Statement.**—In this case a bill of complaint was filed by appellant to foreclose a trust deed given to secure the payment of certain moneys to the National Loan & Investment Company. To said bill of complaint as amended a general demurrer was filed by appellee, which was sustained, and said bill dismissed for want of equity. To reverse the order dismissing said bill, appellant brings the case to this court.

Said Investment Company is what is known as a building and loan association, organized under the statute of this State. The appellee Andrew Culver was a member of said company and held ten (10) shares of its stock. As such a member he procured a loan from said company for the sum of $1,000. The certificate for said shares of stock, being of $100 each, provides :

"In consideration of the membership fee, together with the agreements and statements contained in the application for membership in the company, and full compliance with the terms, conditions and by-laws printed on the front and back of this certificate, which are hereby referred to and made a part of this contract, the said National Loan and Investment Company agrees to pay to said shareholder, his heirs, executors, administrators or assigns, the sum of $100 for each of said shares at the end of six and one-half years from the date hereof."

Said certificate also contains the following, among other provisions, viz.:

"This certificate of shares is issued and accepted by the holder upon the following express conditions and terms :

"I.    The shareholder agrees to pay seventy-five cents per month on each share, such payment to be made on or before the last Saturday of each month during the continuance of the contract."

"VII.    At the end of each year the profits arising from interest, premiums, fines and other sources shall be apportioned among the shareholders in good standing, and whenever the monthly payments made on any share, together with the profits apportioned to said share, amount to $100, such share shall be deemed to have matured and no more installments or monthly payments shall be required."

To secure the payment to said company of the amount due and to become due to it as provided by said certificate and by reason of said loan, appellee Andrew Culver assigned said certificate to said company, and appellees executed and delivered seventy-eight promissory notes and a trust deed conveying certain real estate.    Each one of said notes is for the sum of $15.84, one payable each month for the period of six and one-half years.    Each of said notes includes the monthly payment of seventy-five cents for each share of stock evidenced by said certificate, amounting to $7.50, and $8.34, being one-twelfth of the amount of the annual interest and premium upon said loan.    The total amount of said notes is $1,235.52, and they bear no interest until after maturity.

Said trust deed conveys certain real estate and states that the appellees are justly indebted to said company in the sum

of $1,235.52, the same being as it is therein recited, "principal, interest and premium of a loan from said company, and said loan was made pursuant to and is accepted under the provisions and by-laws of the said National Loan and Investment Company, a copy of which said by-laws has been received by the grantors, and which said by-laws have been read by the grantors, and are hereby made a part of this contract, which said loan is evidenced and secured to be paid by " said seventy-eight notes. The amount named in each and all of said notes has been paid in full.

Pam, Donnelly & Glennon, attorneys for appellant.

W. J. Lavery, attorney for appellees.

Mr. Presiding Justice Horton delivered the opinion of the court.

The certificate of stock and the conditions in it recited, and the assignment of said certificate, the by-laws of said company, said promissory notes and said trust deed, must all be considered and construed together, the same as though all contained in one instrument, and they must all be interpreted under and in connection with the statute relating to building and loan associations under and in pursuance of which said company was organized.

The controversy in this case arises mainly from the fact that the company agreed to mature the stock as full paid at the end of six and one-half years. If the profits accruing to said company had been sufficient to make said stock full paid at the expiration of that period, it having been assigned to the company as collateral security, the cancellation thereof with the payment of said notes would have paid the loan in full, together with interest and premium upon said loan and all dues upon said stock. But the profits were not sufficient to pay in full the amount due upon said stock. We are not, however, advised as to what the amount of dividends was to the credit of said stock at the end of said six and one-half years.

A stockholder in a building and loan association in this State is a member, a constituent part, of the association, and the officers thereof are his agents as well as the agents of the other shareholders. In some respects the principles governing the relative rights and duties of partners to each other is applicable to such shareholders. Any contract between the officers of such an association and one of the members, which gives to such member an advantage or preference over other members, can not be enforced in a court of equity. The advancing of money by said company to appellee Andrew Culver was not a loan in the sense in which that word is ordinarily understood. It is, more properly speaking, an advance upon the shares of stock of such appellee. The agreement to mature his stock at the end of six and one-half years should not be enforced or construed in such manner as to give to him a preference over other members of said association. He is not entitled to any greater dividends—any larger per cent of the profits—than any non-borrowing member would receive. He is not entitled to any special advantage over other members from the fact that he is indebted to the company.

By the terms of the loan in question there should be paid to the association five per cent per annum premium, five per cent per annum interest and seventy-five cents per month on each share of stock. These payments computed for the term of six and one-half years and added to the principal sum of $1,000 would amount to $2,235 at the end of the term. If computed with monthly rests, as would be the result, in effect, if premium, interest and dues were paid monthly as contemplated, the amount would be double the amount of said notes given by appellees.

Said statute provides in substance that dues shall be paid until the shares shall have reached maturity value. The same, in effect, is provided in the conditions forming a part of the certificate issued to appellee. In King v. International Building Union, 170 Ill. 135, 140, it is said :

" All contracts and agreements of such corporations to the effect that the payment of periodical installments for a

fixed period shall be accepted as payment in full of sub-
scriptions to its stock are inconsistent with the statute
under which the corporation has its existence, and antago-
nistic to the legal purposes and plans of such organization,
and not enforceable as contracts merely."

It is also there held that by-laws providing for maturing
stock in a fixed period without regard to the earnings of
the company, are not to be enforced.

The case of Sullivan v. Spaniol, 78 Ill. App. 125, is, in all
material respects, the same as the case at bar. It is there
held that the receiver was entitled to a foreclosure, the
objections by the defense being substantially the same as
those here urged in support of the demurrer. The reason-
ing and conclusion in that case command our approval.

The decree of the Circuit Court dismissing said amended
bill of complaint for want of equity is reversed and the
cause remanded for further proceedings not inconsistent
with this opinion. Reversed and remanded.