88   247
a187s275

# John Cantwell et al. v. Stockmen's Building Loan & Savings Union.

1. BUILDING AND LOAN ASSOCIATIONS—*Illegal Agreements to Mature Stock.*—An agreement between a borrowing stockholder and the secretary of a building and loan association that if such stockholder pays his monthly dues for five and one-half years his stock will be matured and his notes paid, is illegal under the statute of this State.

2. RECORDS—*Modes in Which They Can be Proved in This State.*—Records of the transactions of boards of directors may be proved in this State; first, by a duly certified copy thereof; second, by a copy thereof, proved to be such by a credible witness, and third, by the production of the original records.

**Bill,** to foreclose real estate mortgage. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900.

R. G. MARRIOTT, attorney for appellants; MYER S. EMRICH, of counsel.

MARTIN & LAMBERT, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a proceeding by bill in chancery filed by appellee to foreclose a real estate mortgage made by appellants. It is contended by counsel that the appellants are illiterate and ignorant people, and that they were by misrepresentations, "inveigled into making a contract that was unfair to them."

It does not appear that there is anything unusual in this case in the taking and paying for stock in a building and loan association, and the borrowing of money therefrom, or in the giving of notes and mortgages by appellants. The papers seem to be in the form usually adopted by such associations. There is evidence tending to show that the secretary of appellee stated to appellants that if they paid the monthly dues for five and one-half years the stock would be thus matured, and their notes paid. But assuming as argued by appellants, that the secretary was the proper representative of appellee and that he made the statement that

248    APPELLATE COURTS OF ILLINOIS.

VOL. 88.] Cantwell v. Stockmen's Building Loan & Savings Union.

the stock would be matured as contended, still, that would not be a contract which could be enforced. An agreement by appellee such as is implied in the alleged statement would be illegal under the statute of this State, and could not be enforced. (King v. International Building Union, 170 Ill. 135, 140: Sullivan v. Spaniol, 78 Ill. App. 125; Royal Trust Co., Receiver, v. Culver, 87 Ill. App. 630.)

It is also contended by appellants that the bill of complaint does not state in sufficiently definite language that the board of directors of appellee had elected to declare the whole amount secured by said mortgage to be due and payable for non-payment of interest and dues. The allegation of the bill is that default in the making of such payments has continued for more than six months, " and that by reason thereof your orator (appellee) has elected and does hereby elect to declare the whole of the sum secured by said note and mortgage immediately due and payable."

By their answer to said bill, appellants say that it does not appear from said bill that the board of directors or any proper officers of appellee, ever authorized or ordered the filing of said bill.

Upon the issue thus presented by the bill and the answer, appellee offered in evidence a copy of the record of the proceedings of said board, directing attorneys to institute this proceeding to foreclose said mortgage. We are of opinion that the pleadings are sufficient to authorize the admission of testimony showing the action of the board of directors. (Owen v. Occidental B. & L. Ass'n, 55 Ill. App. 348.) The case of Palmer v. DeWitt Co. Bldg. Ass'n, 79 Ill App. 362, is to the same effect. That case was reversed because there was no proof of the necessary averment, not because the averment was not sufficient.

The case of Wheeler v. Foster, 82 Ill. App. 153, cited by appellants, does not deal with the question of whether the allegation in the bill of complaint was sufficient. In that case the bill contained no allegation whatever of the exercise of the option conferred by the trust deed to declare the amount due.

Appellee offered in evidence a copy of the record of a

resolution adopted by said board of directors. It is contended by appellants that such copy should not have been admitted because it was not properly authenticated or proven as required by statute. Sec. 15, Ch. 51, Rev. Stat., provides that any such record " may be proved by a copy thereof certified under the hand of the secretary, clerk, cashier, or other keeper of the same." Sec. 16 provides that such certificate shall contain a statement that the person making it is the keeper of such record. Sec. 18 provides that such records " may be proved by copies examined and sworn to by credible witnesses."

There are then three modes in which such records may be proven in this State: First, by a duly certified copy thereof; second, by a copy thereof proven to be such by a credible witness, and third, by the production of the original records. (Mandel v. Swan Land Co., 154 Ill. 177, 189.)

The copy of record offered in this case to show the action of the board of directors is certified by the secretary to be a true copy. It is objected by appellant that such certificate does not contain the statement required by statute, that such secretary is the keeper of the record. But if it be held that such certificate is not sufficient, that would not result in excluding the copy of record offered in evidence, because such copy was duly proven by the testimony of one who, so far as appears from this record, is a credible witness. There was no error in admitting said certificate in evidence.

On behalf of appellants it is contended that it was error to include in the accounting the installments of interest and premium to the date of stating the account by the master.

The by-laws of appellee provide that in case of default by a mortgagor member for the space of six months, payment may be enforced by proceeding against the security. Said mortgage and said certificate of stock also contain substantially the same provision. The objection here urged by counsel for appellants is that the election by appellee to thus proceed must take effect as of the date when the six

250     APPELLATE COURTS OF ILLINOIS.

VOL. 88.] Cantwell v. Stockmen's Building Loan & Savings Union.

months' default ended, and that the account must be stated as of that date. It is argued that such contention is supported by U. S. Savings, Loan & Bldg. Co. v. Sullivan, 80 Fed. Rep. 762. We are not, however, prepared to follow that case, if it be construed as fully sustaining the contention of appellants.

As nearly as we can ascertain the facts from the abstract in this case, the mortgage was given to secure the payment of (1) dues upon stock, $16 per month, (2) interest on loan at six per cent per annum, $10 per month, and (3) premium interest at seven per cent per annum, $11.66 per month. These monthly payments were made until October, 1896. In stating the account, the master has charged to appellants the monthly payments of $10 for interest and $11.66 for premium interest from the date when payment thereof was stopped until the date of his report, but has not so charged anything for dues upon stock. He has credited to appellants the full amount of the installments paid for dues, with interest thereon to the date of stating the account. That is the mode, under the by-laws, of determining the withdrawal value of stock.

By the provisions of said mortgage, and the note secured thereby, the monthly payments of interest upon said loan and premium interest are to continue until said loan is fully paid, or until such share of stock shall have attained the value of $100. The shares of stock in this case had not attained such value at the time of the accounting by the master. It was therefore the duty of the master to include both of said monthly interest payments up to the time of stating the account. The facts in the case of Rhodes v. Mo. Sav. & Loan Co., 63 Ill. App. 77, are not very fully stated, but as we understand the opinion of the court, the mode of accounting adopted by the master in the case at bar is, in that case, held to be "a proper and customary mode of proceeding."

The master found that appellee was entitled to recover fines for non-payment of dues, interest and premium. Exceptions were filed by appellants to the report of the master and the court sustained such exceptions, so far as they

related to the allowance of such fines, and struck out the amounts thus allowed. Cross-errors are assigned in this court to the decision of the court below striking out such allowance for fines. The allowance by the master for fines is at the same rate as those referred to in the case of Vierling v. M. & T. Savings Ass'n, 179 Ill. 524. It is there held that such fines are oppressive and unreasonable, and can not be allowed against a member in a foreclosure proceeding.

The decree of the Circuit Court is affirmed.