## CHARLESTON.

### HUDKINS *v.* BUSH, RECEIVER.

Submitted March 2, 1910.    Decided April 18, 1911.

1.  EVIDENCE—*Clerk's Certificate—Proof.*
    A mere certificate by a clerk that by an order of his court a certain person had been appointed a receiver, is not admissible to prove, and does not prove, such appointment. (p. 195).

2.  RECEIVERS—*Actions Against—Proof of Operation of Railroad by Receiver.*
    In an action against a receiver of a railroad company to recover damages for killing cattle by a train, it must be proven that the railroad was being operated by a receiver. (pp. 196, 197).

Error to Circuit Court, Randolph County.

Action by B. Hudkins and others against B. F. Bush, receiver of the Western Maryland Railroad Company. Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

*Talbott & Hoover* and *W. B. Maxwell,* for plaintiffs in error.

*Benjamin A. Richmond* and *E. A. Bowers,* for defendant in error.

BRANNON, JUDGE:

B. Hudkins and W. G. Hudkins brought an action of trespass on the case against B. F. Bush, receiver of the Western Maryland Railroad Company, to recover damages for killing some cattle on the railroad track, and the court, on motion of the defendant, excluded the plaintiff's evidence and directed a verdict for the defendant, and on such verdict gave judgment for the defendant, and the plaintiffs sued out a writ of error.

At the start we come across the question of the appointment of the receiver. The only evidence thereof is a paper called a certificate of facts, if we can say that even that is a part of the record. It is a paper by which S. B. Harrison, clerk of the Circuit Court of the United States, certifies that by an order entered of record Bush was appointed receiver of "all the lands, properties, railroads, franchises and premises embraced in and covered by a certain mortgage given by the Western Maryland Railroad Company to secure bonds." There is no copy of the order of appointment of a receiver. All the books seem to say that this is necessary. Before the statute dispensing with proof of incorporation, where a corporation was sued or suing, its existence must have been proven. Such was the common law rule. *Central Land Co.* v. *Calhoun,* 16 W. Va. 362, pt. 7; *Graves* v. *Turnpike Co.,* 4 Rand. 578. Why should not a receiver prove his appointment? The paper we have is only the *opinion* of Harrison as to the effect of the order, *his construction* of it. The best evidence of a document is the document itself speaking for itself to the court. This paper is not even secondary evidence, and is wholly abortive to prove the appointment. *Dickinson* v. *Railroad Co.,* 7 W. Va. 390; *Anderson* v. *Nagle,* 12 *Id.* 98, 112; *Rowe* v. *Town,* 45 *Id.* 785. The general issue put in contest each and every material allegation of the declaration. If Bush was not receiver, there was no liability on him as such. His liability as such was one of the elements of the case. It is hardly worth while to advert to the old rule that where a record attests a fact that record must be produced. It

or a copy, not of the whole record, but of the order of appointment, is the best evidence and must be produced. Beach on Receivers, § 703; 10 Encyclopedia of Evidence 659.

Then another question occurs. Some receivers have power of operation, some have not, dependent on the terms and powers given by the order of appointment. Even that certificate of facts does not answer this question. Was this receiver in the actual operation of this railroad and liable as such? It does not appear that such were his powers or liabilities.

And then again, was not the burden on the plaintiffs to show that the train which did the injury was a train in the hands of the receiver and operated by his servants? All the declarations against railroads for injuries of this kind charge that the railroad on which the misfortune occurs is the property of a given company, and that the train doing the injury is a train of that company. True where a company is in charge of a railroad it is presumed that trains on it belong to it; but in this case it must be shown whose train this was. If it was not a train of this receiver he would not be liable. If you charge that an injury was received from a horse of a certain person, you must prove that it was his horse. If you charge that a defendant committed assault and battery, you must prove that he did the act. We suppose this is fundamental and plain. "The plaintiff has the burden of proof that the defendant railroad company owned and operated the railroad from which his injuries were received where that is made an issue by the pleading." 4 Ellott on Railroads, § 1777. The plea of not guilty put this in issue in this case. In 159 Ind. 28, we find this: "The averments in the complaint that the appellant, the Citizens Street Railway Company, owned and operated the railroad, and that the appellee was received by it as a passenger, were of the most material character, and the facts so alleged constituted the very foundation of the appellee's claim for damages. Each of these allegations was expressly denied and was put in issue by the answer." It was held there could be no recovery for want of this evidence. So, in this case it must be proven that this train belonged to the receiver. "A failure to prove that the defendant corporation owned or operated the road or car in question must be fatal to appellee's cause. The general denial filed by the

appellant puts every material fact in issue." *Indianapolis St. R. Co.* v. *Lawn,* 30 Ind. App. 515.   Since writing to this point I happen to meet with the following text in Alderson on Receivers, § 569, p. 776: "There is no presumption that persons were appointed receivers because they have acted as such.   The appointment must be alleged and proved.   It has been declared that the only proof that should be made of the appointment of a receiver is a certified copy of the appointing order."

So, we think that the case fails for want of evidence above stated and that the court did not err in its action.   Essential facts were not proven to sustain the action.   This renders it unnecessary for us to pass on other features of the case, and we affirm the judgment.

*Affirmed.*