## GUETTLER v. ALFSEN.

(Court of Appeals of District of Columbia. Submitted March 13, 1923. Decided May 7, 1923.)

No. 1572.

1. **Evidence ☞349—Certification of record should state it is an exact copy.**

The official certification of a fact drawn from a public record is a legal conclusion or opinion of the certifying officer, and not admissible as evidence; the officer should copy the record or document verbatim, and certify that he has done so.

2. **Evidence ☞349—Certification document is in "conformity" to foreign application does not render it admissible.**

A certification that the specification and drawing annexed thereto are in due conformity with the original specification and the drawing which accompanied a foreign application for patent does not show that the reproduction was an exact copy of the specification and drawing, since "conformity" is defined as correspondence in form, manner, or use; agreement; harmony; congruity; and such copy is therefore inadmissible in evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conformity.]

3. **Patents ☞91 (4)—Drawing in foreign application held not to establish priority.**

The fact that the drawing accompanying a copy of the specification in a foreign application corresponds with the drawing in the application in interference is insufficient to establish the date of the foreign application as the date of reduction to practice, where the device shown thereby radically differed from the device of the other party in interference, and the right to make the claim depended on the description of the device, and more particularly of its operation.

4. **Evidence ☞349—Applicant, relying solely on insufficiently certified exhibit, to establish priority, is held to strict rule of evidence.**

Where an applicant planted his case in interference proceedings solely on an insufficiently certified exhibit, without taking the stand himself or producing a witness familiar with the foreign application copied in the exhibit, he should be held to the strict rules of evidence.

5. **Evidence ☞349—United States law governs admissibility of certified copy of foreign application.**

In interference proceedings in the United States Patent Office, the law of this country, and not of the foreign country, is controlling as to the sufficiency of a certification of a copy of the specification for a foreign application.

Robb, Associate Justice, dissenting.

Appeal from the Commissioner of Patents.

Interference proceeding between Herbert Guettler and Adolph A. Alfsen. From a decision awarding priority of invention to the junior party, Alfsen, Guettler appeals. Reversed.

Charles A. Brown, Charles C. Bulkley, and Arthur H. Boettcher, all of Chicago, Ill., for appellant.

Harry L. Duncan, of Ridgewood, N. J., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an appeal in an interference proceeding from the decision of the Commissioner of Patents awarding priority of invention to the junior party Alfsen. Appellant Guettler filed his application June 4, 1915, and Alfsen filed September 9, 1915.

It is unnecessary to consider the invention in issue, since the case can be disposed of upon a single question of law. The tribunals below awarded Alfsen priority upon a Norwegian application, filed February 16, 1915. The only evidence of the existence of the alleged application, consists in a specification and drawing to which is attached the following certificate:

"Certificate.

"The Norwegian Patent Office hereby certifies that the annexed specification and drawing are in due conformity with the original specification and drawing which accompanied the patent application No. 7411, filed by Adolf August Alfsen, engineer, of Christiania, on the 16th day of February, 1915.

"Christiania, the 20th of June, 1918.
    "By authority:

"[Seal Norwegian Patent Office.]                Karl Husberg,
                                   "Secretary of the Patent Office.
"Examined and legalized.             Minister of Foreign Affairs.
"Christiania, the 21st day of June, 1918.
    "For the Secretary General:

"[Seal Norwegian Foreign Office.]                   Sigurd Bentzen."

This does not certify that the specification and drawing is a correct and exact copy of the original Norwegian application. Whether or not one thing is in due conformity with another is a question of fact, to be established either by comparison or extraneous proof. We have no facilities for comparison, and no proof, aside from the certificate, was offered to prove that the application in interference is an exact copy of the original application, yet the burden is upon Alfsen, the junior party.

[1] The rule governing the certification of documents, to render them admissible as proof of record facts, is well settled. As the court said in United States Slicing Machine Co. v. Wolf, Sayer & Heller, Inc. (D. C.) 243 Fed. 412:

"The general governing rule is that the official certification of a fact drawn or gathered from a public record is a mere legal conclusion, or the opinion of the certifying officer, and so not admissible as evidence. He should copy the record verbatim, certifying that he has done so, and that the copy is an accurate transcript of the original. Wigmore, §§ 2162, 2165; Mandel v. Swan

Land Co., 154 Ill. 177, 40 N. E. 462, 27 L. R. A. 313, 45 Am. St. Rep. 124; People ex rel. v. Lee, 112 Ill. 113, 1 N. E. 471; Greer v. Ferguson, 104 Ga. 552, 30 S. E. 943; Hudkins v. Bush, 69 W. Va. 194, 71 S. E. 106, Ann. Cas. 1913A, 533."

[2] The New Standard Dictionary defines "conformity" as:

"Correspondence in form, manner, or use; agreement; harmony; congruity."

Examples of use are given as:

"Conformity with established usage; conformity to type; conformity between ideas and substances; conformity in shape."

It expresses similarity of different objects or things, but is never used to denote an exact copy or reproduction of a given document or thing. The copy submitted was certified to on June 2, 1918, as "in due conformity with" an application filed February 16, 1915, more than three years prior to the certification. For aught we know, the original application may have been amended in many particulars and still be in conformity with the one originally filed.

[3] Nor can importance be attached to the fact that the drawing in the certified transcript corresponds with the drawing in the application in interference, since the device shown by the drawing is so radically different from the device of Guettler that Alfsen's right, if any he has, to make the claims of the issue, depends upon the description of the device, and more particularly of its operation, as set forth in the specification. The drawing, therefore, lends nothing to the exactness or verity of the foreign specification.

[4, 5] Inasmuch as Alfsen plants his case upon this certified exhibit, without taking the stand himself or producing a witness familiar with the foreign application, he should be held to the strict rules of evidence. It goes without saying that such a certificate as we have before us would not be sufficient to justify the admission in evidence of a transcript of a record, however unimportant, in any court in this country; and the rules of evidence here, not of Norway, have controlling force. We see no reason for relaxation of the strict rule in this case.

The decision of the Commissioner is reversed.

ROBB, Associate Justice, dissents.