## Richmond.

CASON V. SELDNER AND ALS.

March 22d, 1883.

1. PRACTICE IN CHANCERY—*Building associations—Parties.*—Where suit is brought to wind up the affairs of a building association doing business under the laws of this state, all the shareholders should be made parties. If any have been illegally released, their liabilities should be enforced.

2. BUILDING ASSOCIATIONS—*Shareholder—Borrower.*—When shareholder has his shares redeemed, the terms of his contract is evidenced by his bond and his trust deed given to secure his bond, and cannot be varied. If those terms be to pay monthly instalments and interest on the sum borrowed, and he is not in default, he cannot be required to pay a sum *in solido.*

3. IDEM—*Monthly payments—Dissolution.*—Such instalments must be paid as stipulated, until the accumulated fund suffices to pay the sum agreed on under the articles, on each of the unredeemed shares, when the association ceases to exist, unless sooner dissolved by a vote of the shareholders.

4. IDEM—*Shareholder—Borrower—Obligation.*—The sum advanced shareholder is no part of his debt. His obligation is to pay in lieu of the sum advanced, the monthly instalments as he contracted, and no more.

Appeal from decree of corporation court of Norfolk city, entered 18th October, 1879, and decree entered 20th February, 1880, in a suit in equity, wherein Lippman Seldner, trustee for Eva Seldner, wife of Lewis Seldner, and T. J. Maurice, are plaintiffs, and the appellant, B. F. Cason and others, are defendants.

In October, 1867, the Mechanics Building and Loan Association was organized in said city, under act of assembly in such cases provided, and constitution and by-laws adopted. It was conducted in the usual manner; monthly instalments on stock

paid by its members; shares redeemed by company taking security on real estate for performance of covenants of those obtaining loans on their redeemed shares until 1871. Afterwards the affairs were mismanaged. Article seventeen was changed; that required surplus funds, not loaned on redeemed shares, to be invested on real estate security. The amendment allowed funds not loaned on redeemed shares, to be used to purchase unredeemed shares at a valuation not exceeding the amount paid in. Under this, many unredeemed shares were purchased, by whom does not appear, and borrowers were allowed to return loans, deducting amounts paid in, and paying residue in unredeemed shares bought by them. Thus the shares were reduced from 905 in 1871 to 343, when this suit was commenced. Most members had ceased to pay dues. The company was managed by an insolvent secretary and treasury. No election had occurred since 1872; plaintiff Seldner paid dues to April, 1873, but learning the company's condition, demanded repayment of last payment, which was made. Plaintiff Maurice paid dues to January, 1873. Seldner held fifty and Maurice fifteen unredeemed shares.

Appellant held ten redeemed shares, paid monthly instalments and interest on loan to July, 1873.

Fifteen members, holders of 300 redeemed shares, were illegally released for $14,166 less than the amount due by them when released. Of the fifteen, only six were made parties to this suit.

The bill alleges that the company should be wound up and the assets distributed among the stockholders, and prays accordingly. A decree directs an account of the condition of the company when suit commenced; the amount due by the treasurer; the amount of loans unsettled; the assets on hand to which each of the stockholders will be entitled on a settlement of the affairs of the association; an enquiry into the alleged return of certain loans, and the disposition made of the money.

In his report, the commissioner gives the names of borrowers improperly released, and the amounts they ought to pay to wind

up the association. The borrowers on redeemed shares were three—the appellant, J. H. Hendren and A. F. Leonard—the latter owning unredeemed shares, his loan was cancelled that way. The appellant was decreed to pay $839.17 to the receiver. This amount was ascertained by taking the status of the company July 1st, 1871, at the forty-fourth instalment, and then calculating the number of instalments it would require to accumulate funds sufficient to pay $200 to each shareholder of unredeemed stock. This would require one hundred and thirty-five instalments, and the appellant is required to pay sixty-seven instalments in addition to sixty-eight already paid, with an allowance of discount for anticipation of payments. In default of payment, the real estate conveyed by him to secure the performance of his covenants with the association, was directed to be sold. From this decree the said B. F. Cason obtained an appeal to this court.

*Burroughs & Bro.,* for the appellant.

*Walke & Old,* for the appellees.

LEWIS, P., delivered the opinion of the court.

The appellant was the owner of ten shares of stock of the Mechanics Building and Loan Association of Norfolk, which in March, 1868, were redeemed for $1,000.

The articles of association are similar to the articles of like associations organized and doing business under the laws of Virginia.

The stockholders are required to pay monthly the sum of one dollar each, and those whose shares have been redeemed are required to pay in addition the interest monthly on the sums advanced them respectively in the redemption of their shares. These payments are to continue until the fund accumulated is sufficient to pay the sum of $200 on each of the

unredeemed shares, when the association is to cease to exist, unless sooner dissolved by a vote of the stockholders.

As security for the payment of his monthly dues and interest, the stockholder, whose shares are redeemed, is required to execute a bond, conditioned for such monthly payments, secured by deed of trust on real estate. With this requirement the appellant complied.

This suit was brought by two stockholders, owners of unredeemed shares, who in the bill allege that the affairs of the association have been grossly mismanaged; that many of the stockholders have been illegally released from their obligations to the association; that the association has ceased to be profitable or operative, and that its affairs should be wound up under the authority and supervision of the court. The prayer of the bill is for an injunction and the appointment of a receiver, that the assets and debts be collected and distributed, and for general relief.

The cause was referred to a commissioner for the proper accounts to be taken, who ascertained and reported the present indebtedness of the appellant as of that date to be of $839.17. This was arrived at, by adopting, as a basis of calculation, the *status* of the association on the 1st day of July, 1871, and then calculating the number of instalments it would require to accumulate a fund sufficient to pay $200 on each unredeemed share, with allowance of discount for anticipation of payments. For the sum, so reported, to be payable by the appellant, a decree was entered against him, and in the event of his failure to pay within a prescribed time, the property conveyed in trust was decreed to be *sold*. From that decree he obtained an appeal to this court.

The errors assigned are, that all proper parties were not before the court when the decree was entered, and that it is in violation of the appellant rights under his contract with the association when his shares were redeemed.

The object of the suit was to wind up the affairs of the asso⁻

ciation, and with that view to have the debts and assets collected for distribution among those entitled thereto. Of the fifteen stockholders who are alleged to have been illegally released from their obligations to the association, aggregating the sum of $14,166, five only were made formal parties to the suit. All should have been made parties, and if found to have been illegally released, their liability should have been enforced. This the appellant has the right to require to be done in respect to all stockholders, liable to contribute to the fund, out of which the unredeemed shares are payable. By the terms of his contract with the association, when his shares were redeemed, he undertook to pay monthly to the association, in lieu of the loan advanced him, one dollar, and the interest on the sum borrowed, until such time as the company could pay $200 on each of its unredeemed shares, unless sooner dissolved by a vote of the stockholders. With this contract he has fully complied, and upon its terms he has a right to stand as the measure of his liability. He cannot be held liable otherwise than as he has contracted. When his shares were redeemed, they became the property of the association, and were sunk and extinguished. The loan advanced him was no part of the debt of the appellant. His obligation is to pay, in lieu of the sum advanced, the monthly instalments as he contracted, and no more. *White* v. *Building Fund Association of Lexington*, 22 Gratt. 233; *Winchester Building Association* v. *Gilbert and others*, 23 Gratt. 787. By requiring the payment *in solido* of the sum reported by the commissioner, the court below departed from the terms of the appellant's contract, and imposed upon him (although not in default) a liability which he has never assumed.

It is provided by the statute (Acts of Assembly 1852, page 82, section 7,) that unless sooner dissolved by a vote of the stockholders, an association like this, organized under its provisions, shall cease to exist when it becomes able to pay on each of its shares such sum as shall be agreed on in its articles of

association. In this case, the sum fixed by the articles is $200 on each of the unredeemed shares, after paying the liabilities of the company. No other provision is made for the dissolution of the association. Until it ceases to exist, the obligation of the appellant to pay the stipulated monthly dues and interest continues. In like manner a reciprocal obligation rests upon every other stockholder to pay as required by the articles of association. All of the stockholders, therefore, should have been brought before the court, and their respective liabilities to the association enforced, including those illegally released, if any such were found. Provision should also have been made for the collection of their monthly payments as they become due, and for the enforcement of all liabilities and the collection of all debts and assets of the association, and the fund preserved until sufficient to pay all of its debts, if any, and $200 on each of the unredeemed shares, unless the company is sooner dissolved by a vote of the stockholders.

For these reasons the decree of the court below must be reversed, and the cause remanded for further proceedings, in conformity with the foregoing views.

The decree was as follows:

This day came again the parties by counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decree is erroneous.

1. Because by the terms of his contract with the Mechanics Building and Loan Association of Norfolk, entered into at the time of the redemption of his shares as a stockholder thereof, as evidenced by the terms and conditions of his bond and deed of trust to secure the same, the appellant, not being in default, is chargeable with the payment of the monthly instalments therein mentioned and provided for as the same become due and pay-

able, and not otherwise. It was, therefore, error to require of him payment *in solido* of the sum ascertained, on the basis of calculation assumed by the master, as the amount then payable on account of his said contract.

2. Because all proper parties were not before the court.

The object of the suit being to wind up the affairs and to collect and distribute the assets of the association, all the stockholders should have been made parties, including such as are alleged to have been illegally released from their obligations to the association, and provision made for the enforcement of their liabilities and dues to the association, as well those already due, as those to become due, according to the terms and requirements of the articles of association. Provision should also be made for the collection of all debts and assets of the association, and for the preservation of the fund until sufficient to pay the debts of the association, if any, and $200 on account of each of its unredeemed shares, unless it shall be sooner dissolved by a vote of the stockholders. It is, therefore, decreed and ordered that the said decree be reversed and annulled, and that the appellees pay to the appellant his costs by him expended in the prosecution of his appeal here.

And this cause is remanded to the said corporation court for further proceedings in conformity with the principles herein declared, which is ordered to be certified to the said corporation court of Norfolk city.

DECREE REVERSED.