No. 13,975.

BARTON *v.* THE ENTERPRISE LOAN AND BUILDING ASSO-
CIATION.

BUILDING ASSOCIATIONS. — *Dissolution.* — *Unredeemed Stock.* — Where it is
provided in the articles of association of a building association that it
shall continue in operation eight years, unless it shall sooner have suffi-
cient funds to pay its debts and redeem its stock, a resolution dissolv-
ing the association before the time limited, without the consent of the
shareholders, and with unredeemed stock outstanding, is without effect.

SAME. — *Assets.* — *Mortgages.* — *When not Enforceable.* — *Receiver.* — Where, by
the agreement of all the shareholders, the money advanced to members
is to be theirs absolutely, if they pay all dues and interest and agree to
take the amounts so advanced in full for their stock, the conditions
being fulfilled, mortgages executed by them are not enforceable, and do
not constitute assets of the association; and where there are no assets
for distribution, a receiver will not be appointed.

From the Wabash Circuit Court.

*J. T. Alexander, J. M. Hatfield, W. G. Sayre* and *M. Good,*
for appellant.

*A. Hess, C. Cowgill, H. B. Shiveley* and *C. E. Cowgill,* for
appellee.

ELLIOTT, J. — The appellee is an incorporated Building,
Loan Fund and Savings Association, existing under articles
of association filed on the 31st day of July, 1879. Article
4 of the organic instrument provides that " This associa-
tion shall continue in operation eight years, unless the funds
of the association shall be sufficient to pay all its debts and
to redeem all its stock in a shorter time." One thousand
shares of stock were issued, and all redeemed before July
18th, 1887, except thirty-eight. The appellee was the owner
of one of these shares. On the 18th day of July, 1887, a
resolution was passed declaring the corporation dissolved.
This resolution recites that there was, at that time, $399.83
in the hands of the treasurer, and it made provision for
dividing that sum among the thirty-eight shareholders whose
stock had not been redeemed. These shareholders had made

ninety-six monthly payments of $1 on each share. Under the arrangement proposed by the resolution, the appellant would receive $10.53 as his share of the assets of the corporation, while the holders of the redeemed shares, those who had received loans on their stock, would each receive $142.67.

The appellant's position is, that the resolution declaring the corporation dissolved was nugatory, and that it must continue in existence until its business is wound up as the statute provides.

We concur with the appellant in the opinion that the article we have copied from the articles of association did not authorize the corporation to close its existence short of eight years, unless all stock was redeemed at its value. We think it clear that the corporation could not dissolve itself by its own resolution until that period had expired, unless all the shareholders consented to the dissolution. The charter of the corporation is embodied in the articles of association, and those articles can not be changed without the unanimous consent of shareholders who have vested rights. *Bergman* v. *St. Paul, etc., Ass'n,* 29 Minn. 275; Endlich Law of Building Associations, section 479. We conclude without hesitation that the resolution of July 18th was not effective.

A further question remains: Does the complaint entitle the appellant to a receiver? If there are no assets except those which it is proposed to distribute to the appellant and the other thirty-seven shareholders to whom money has not been advanced, a case is not made for the appointment of a receiver. Whether there are such assets depends upon the character of the mortgages taken for money advanced to shareholders. If the mortgages are regarded as made to secure loans which those shareholders can be compelled to pay, then there are assets which should be made available and distributed. If they are not loans, and not collectible, then there are no assets to be distributed, and there is no necessity for

appointing a receiver. To determine this question, it is necessary to examine the statute and the plan upon which the business was conducted under the by-laws of the corporation. The statute provides that loans may be made to shareholders at a rate of interest not exceeding ten per centum per annum ; that the money shall be offered in open meeting and awarded to the shareholder bidding the highest premium. It also provides that the by-laws shall prescribe the manner of awarding loans and the rate of interest. R. S. 1881, section 3416.

Under the by-laws adopted, this corporation, from the time of its organization, as the verified answer avers, pursued this plan : At each monthly meeting " the money in the treasury was put up at auction with respect to preference in advancements, and whoever, at such auction, was willing to make the greatest discount to the association, or to take at the time the least amount of money per share for the interest that otherwise he might have at the end of its term in the association's assets—he to continue to the end of the association in paying the prescribed dues and interest upon his shares of stock on the sum recoverable in full of each future payment of interest, as authorized by sections one and two of article 14, as amended, of the by-laws—was to receive such money. The amount so paid, provided he kept up his dues, met such assessments as aforesaid, or paid out as provided for in sections one and two, as amended, of article 14 of the by-laws, being his absolutely, and he surrendering in consideration thereof the interest that otherwise he might have received in the said association assets."

It is also alleged that all the stockholders agreed to this arrangement.

This answer is by no means a model pleading, for it is confused and obscure, but we think it shows with reasonable certainty that the shareholders all agreed that the members who took the money and paid dues and interest, and agreed to take the money advanced to them in full for their stock, should not be required to pay back the money advanced. Upon

this theory, it must be held that there were no assets for distribution except the money in the treasury which the association proposed to distribute. *Lister* v. *Log Cabin, etc., Ass'n,* 38 Md. 115; Endlich Law of Building Associations, sections 150, n., 440, 492.

We do not decide what would be the rule if no such agreement had been made as the answer alleges was made ; nor do we decide what would be the effect of such an agreement not acquiesced in by all the shareholders. We decide the case made by the record, and do not go beyond it. All that the record requires us to decide is, that, as there were no assets, the appellant was not entitled to have a receiver appointed. *Cason* v. *Seldner,* 77 Va. 293, and cases cited ; *Hagerman* v. *Ohio Building, etc., Ass'n,* 25 Ohio St. 186.

Judgment affirmed.

Filed March 27, 1888.