The Lime City Building, Savings and Loan Association v. Wagner *et al.*

Filed Feb. 5, 1890.

———————◆———————

No. 14,192.

## THE LIME CITY BUILDING, SAVINGS AND LOAN ASSOCIATION v. WAGNER ET AL.

BUILDING ASSOCIATIONS.—*Liability of Borrower.—How Extinguished.—By-Laws.*—The by-laws of a building association required dues and instalments to be paid weekly, and provided further as follows: "All loans shall become due in six years from the date of this corporation, or on the stock of the association becoming of par value, in either of which cases the note given by the borrower, and the stock upon which the loan was made, shall be set off against each other."

*Held*, that a borrower who pays the required dues and instalments for a period of six years, thereby extinguishes his obligation to the association.

PLEADING.—*Complaint Assailed by Demurrer.—Breach of Contract.—Presumption.*—It will not be presumed in aid of a complaint assailed by demurrer that a defendant was guilty of a breach of contract, for that must be affirmatively alleged by the plaintiff as one of the elements of his cause of action.

From the Huntington Circuit Court.

*J. T. Alexander* and *J. M. Hatfield*, for appellant.

*J. B. Kenner* and *J. I. Dille*, for appellees.

ELLIOTT, J.—The appellant, an incorporated building, loan fund and savings association, sues the appellee Frederick Wagner upon three promissory notes executed by him, and charges that he conveyed real estate of which he was the owner for the purpose of defrauding his creditors. Copies of the notes and of the by-laws of the association are filed with the complaint, and it is alleged that the notes became due by reason of the failure of Wagner, who was a member of the association and the holder of one share of capital stock, to pay the weekly dues and weekly instalments of interest due on the notes. It is provided in each of the notes that, upon the failure to pay such weekly dues and instalments for a period of three months the note shall become due, and the by-laws are made part of the notes by reference. Section 5 of the by-laws requires dues and instalments to be paid weekly, and section 32 reads as follows: "All loans shall become due in six years from the date of this corporation, or on the stock of the association becoming of par value, in either of which cases the note given by the borrower, and the stock upon which the loan was made, shall be set off against each other." The association was organized in April, 1879, and this action was begun in January, 1886.

The contract between the borrower and the association makes the by-laws a part of their agreement, and by the terms of section 32, the borrower who pays weekly dues and instalments for a period of six years discharges his obligation to the association. The liability of the borrower does not extend beyond that period, for, at the expiration of that time the stock extinguishes the note, and it is not an asset in the hands of the corporation. *Barton* v. *Enterprise, etc., Ass'n,* 114 Ind. 226. The theory upon which the parties proceeded in organizing the association, as the by-laws declare it, was that the borrower who paid the required dues and instalments for a period of six years paid the equivalent of the loan which he obtained, and when this was done his obligation

was extinguished.   *Lister* v. *Log Cabin, etc., Ass'n,* 38 Md.
115;   *Cason* v. *Seldner,* 77 Va. 293 ;   *Hagerman* v. *Ohio,
etc., Ass'n,* 25 Ohio St. 186.

This is the only reasonable construction that can be given
the by-laws, and it is the only one consistent with the doc-
trine of the authorities.   It is, moreover, the only rule that
will prevent gross injustice to the member who borrows
money from the association, for, no matter for what length
of time he pays dues and instalments he can reap no profit,
·as his stock simply cancels his obligation.   In no event can
it do more.   If the association can compel its members to
pay dues for seven years, it can do so for ten or twenty ; and,
if it could do this, the consequences would be most disas-
trous to the borrower.   To illustrate : Suppose a member to
be required to pay weekly dues of twenty-five cents per share
of one hundred and fifty dollars, and to pay interest weekly
at the rate of six per cent., on a loan equal to the amount of
his stock, he would pay at the end of seven years four dol-
lars in excess of the face value of his stock, and at the end
of twelve years one hundred and fourteen dollars more than
the face value of his stock, and yet, if appellant's theory be
correct, he could ask no more than that his stock should can-
cel his debt, no matter how long he should be compelled to
pay dues and interest.   But it is also to be borne in mind
that the association gets the benefit of the weekly dues and
instalments of interest from the beginning, and, not only
this, but it has a right to secure a premium upon loans.   It
is quite evident, therefore, that some limit as to the time a
borrower can be compelled to pay weekly dues and interest
should be fixed, and it is also evident that the limit of six
years imposed by the by-law under examination is not un-
reasonable.   If no limit were fixed, then the members who
borrow would be at the mercy of those who do not take
loans ; but, where a limit is fixed, it binds all the members,
and as it is the result of their own voluntary act, they can
not complain if it so operates as to make their profits less

than they expected. All members are on an equal footing, for those who do not borrow reap all the profits that accrue beyond the face of their stock, but if loss occurs they must bear it; on the other hand, the borrower can, at the utmost, get nothing more than the value of his stock no matter how generous the profits; if, however, loss occurs he is safe, for, at the expiration of the limited time, he is discharged from his obligation although losses may have been sustained which greatly depreciate the stock. If the borrower can secure no profit he can lose nothing, because his stock cancels his debt.

The complaint charges that the appellee was in arrears for three months, and this means three months before the complaint was filed, and, as the time limited by the by-laws had expired nine months before the complaint was filed, it does not show that he was in default. In order to show a right of action it should have been alleged that there was a default before the expiration of the six years fixed by the by-laws, as the time for which the members of the association were bound to pay interest and dues.

It can not be presumed in aid of a complaint assailed by demurrer that a defendant was guilty of a breach of contract, for that must be affirmatively alleged by the plaintiff as one of the elements of his cause of action.

As there is no complaint upon which judgment can be sustained it is unnecessary to consider any of the other questions argued.

Judgment affirmed.

Filed Feb. 5, 1890.