## NOAH ET AL. v. GERMAN-AMERICAN BUILDING ASSOCIATION OF INDIANA.

[No. 4,738.    Filed October 27, 1903.]

APPEAL AND ERROR.—*Striking Out Interrogatories.—New Trial.*—Alleged error of court in striking out interrogatories must be presented on appeal by specification in motion for new trial. *p. 509.*

BUILDING AND LOAN ASSOCIATIONS.—*Foreclosure of Mortgage.—Answer. —Exhibits.*—No error was committed in striking out exhibits consisting of printed statements of the condition of plaintiff building and loan association filed with answers to a complaint to foreclose a mortgage, such matters being merely evidence and admissible without being made exhibits. *p. 509.*

DEBTS, ACTION OF.—*Ultra Vires.—Estoppel.*—A borrower is estopped by receiving a loan and keeping the money from setting up the defense that the creditor had no power to make the loan. *pp. 509, 510.*

BUILDING AND LOAN ASSOCIATIONS.—*Limitation of Payments.—Maturity of Stock.*—A limitation placed on the number of payments a stock-

holder is required to make to mature his stock as provided by the certificate of stock is of no avail to a borrowing member, where such agreement as to the number of payments is not carried into the bond and mortgage securing the loan but on the contrary provided therein that the borrower shall continue to pay the dues until the stock matures. *pp. 510, 511.*

BUILDING AND LOAN ASSOCIATIONS.—*Representations Made by Officers.*— *Estoppel.*—Oral or printed statements made by the officers or agents of a building and loan association in direct contradiction of the by-laws, or in contradiction of the contract itself, whether relied upon by the person to whom made or not, can not be made the basis of an estoppel in a suit by the building and loan association to foreclose a mortgage, where the by-laws are made part of the loan contract by reference thereto, unless such representations were fraudulently made. *p. 511.*

From Grant Superior Court; *Hiram Brownlee*, Judge.

Suit by the German-American Building Association against George W. Noah and others. From a decree in favor of plaintiff, defendants appeal. *Affirmed.*

*J. A. Kersey*, for appellants.

*J. F. Carson, C. N. Thompson, R. T. St. John* and *W. H. Charles*, for appellee.

HENLEY, J.—This action was to foreclose a mortgage given by George W. Noah, then unmarried, to the German-American Building Association of Indiana. The mortgage was upon a lot in the town of Jonesboro, which lot the said Noah afterward, and before the commencement of this action, conveyed to the appellant Emma Stradley.

A full and complete statement of appellee's cause of action is, we think, necessary for the proper discussion of the question presented by this appeal. Appellee's complaint, omitting the caption, the mortgage, and prayer for relief, was as follows: "The plaintiff, the German-American Building Association of Indiana, complains of the defendant, and says: that on the 26th day of May, 1892, George W. Noah, being a member of the plaintiff association, procured an advancement to him as a loan in the sum of $400 upon four shares of the capital stock of plaintiff, with agreement on his part that he would pay monthly

dues on such shares at the rate of eighty cents per month on each share, together with a premium of six per cent. per annum, and interest on said loan at the rate of six per cent. per annum, all payable on or before the 25th day of each month, until such shares should mature; also to pay all fines and assessments on such shares, all of such payments to be made without relief from valuation and appraisement laws, and with ten per cent. attorney's fees; that said agreement was in writing, and a copy thereof is attached hereto, filed herewith, made a part hereof, and for certainty is marked exhibit A. And the plaintiff further says that on the 26th day of May, 1892, to secure the payment of the moneys provided for in said agreement, that said Noah, as an unmarried man, executed a mortgage to this plaintiff upon the following described real estate situated in the county of Grant, in the State of Indiana, to wit, lot number sixteen in Love's addition to the town of Jonesboro; that said mortgage was recorded on the 31st day of May, 1892, in mortgage record No. 11, at pages 203 and 204, in the recorder's office of said county; a copy of said mortgage, together with the indorsements of the recorder thereon, being filed herewith, attached hereto, hereof made a part, and for certainty is marked exhibit B; that by the provisions of said bond said obligor therein named is to pay the moneys provided by such bond until such shares shall mature according to the by-laws of plaintiff; that all the by-laws of plaintiff relating to such subject are sections twenty-four, twenty-five and thirty, as follows: 'Section 24—Instalment stock shall be paid for in monthly instalments of eighty cents, not exceeding ninety-six of which shall be required, all instalments being due and payable on or before the 25th day of each month, beginning with the month in which the certificate is dated. Any member may transfer, at any time, from either plan to the other, and shall receive credit on the new certificates for the amount of the full with-

drawal value of the old, at the time of the transfer. Section 25—Every stockholder shall receive a certificate of stock signed by the president and secretary. Shares shall mature as soon as the monthly assessment of dues, with the earnings thereon, shall amount to $100.' That said obligor is to pay all the fees and assessments on such shares as provided for in said by-laws, and that all of the provisions relating thereto in' such by-laws are as follows: 'Section 30—If monthly payments of dues, or of interest and premium, are not made when due, a fine of ten cents per share shall be imposed for each month such payments may be in arrears.'

"Plaintiff further says that since the execution of said mortgage the said defendant George W. Noah conveyed said real estate to his codefendant, Emma Stradley, who is now the owner in fee simple thereof; that said defendants and each of them have failed to pay the instalments provided for in said bond and mortgage, so that there were on January 28, 1899, twelve months' delinquent interest and premium due on said mortgage indebtedness, and twelve months' fines were then due thereon, and that the same have continued delinquent to this time, together with all the months since elapsed, and that there is due plaintiff, on account of such indebtedness, the sum of $166.47, to which should be added accruing premium, interest, and fines, that have accrued and shall accrue since January 28, 1899, up to the time of any decree entered herein, and, also, premium paid by plaintiff for insurance on improvements to protect its lien, which premium defendants failed to pay, and to which should also be added ten per cent. attorney's fees." Exhibit A. "Know all men by these presents that George W. Noah, unmarried, of Fulton county, of the state of Illinois, is held and firmly bound unto the German-American Building Association of Indiana, in the sum of $400, which well and truly to be paid he binds himself, his heirs, executors, and adminis-

trators firmly by these presents. Sealed with his seal and dated this 26th day of May, 1892. The conditions of this obligation are such, whereas the above bounden obligor has subscribed for four shares of stock at $100 each in said association, for which shares of stock he received from said association the sum of $400 as a loan, which shares of stock are hereby transferred as collateral security for the payment of this bond, with agreement on his part that he will continue to pay monthly dues on said shares of stock at the rate of eighty cents per month on each share of stock, together with a premium of six per cent. per annum on each share of stock, and interest on said loan at the rate of six per cent. per annum, all payable on or before the 25th day of each month, until such shares shall mature as provided by the by-laws of said association; also, pay all fines and assessments on such shares as provided for in said by-laws. All payments of money hereunder shall be made at the offices of the association, in the city of Indianapolis, Indiana. Now, if the above bounden obligor shall well and truly keep and perform said bond in every part, then the above bounden obligation to be void and of no effect; but if default be made in any part thereof, then the above bounden obligor to forfeit all the premiums, fines, assessments, and interest so paid into said association, and pay back said loan less all such dues credited thereon. All payments of money hereby secured shall be made without relief from valuation or appraisement laws, and with ten per cent. attorney's fees. (Signed)  George W. Noah."

Appellant Emma Stradley answered in six paragraphs, as follows: (1) Payment; (2) set-off in the amount paid by appellant as a borrowing stockholder, which, with the added earnings, amounted to $642.80; (3) set-off in the amount of $642.80, being seventy-two consecutive monthly payments of $7.20 each, with the earnings thereof added —the earnings being alleged to be $124.40; (4) that the

stock certificate provides for only seventy-two monthly pay-ments, and that such payments were made before the commencement of this action; (5) that appellee's agent, by printed circular used and oral representations made in negotiating the loan, represented that the seventy-two payments would mature the stock and pay the debt, and that appellee was thereby estopped; (6) that the value of the appellant's stock exceeds and more than pays the debt and interest; and that appellee had exceeded the powers and rights given it by the statute under which it was organized.

The trial court sustained appellee's demurrer to the second, third, and sixth paragraphs of answer. The trial resulted in a finding and judgment for appellee in the sum of $248.60, and foreclosing the mortgage.

It is assigned as error that the trial court erred in striking out interrogatories forty-three to ninety-one, both inclusive, and interrogatories one hundred and three and one hundred and six. The error, if any, arising out of this action of the trial court in this regard is not presented by the assignment of error. The question must be presented by motion for a new trial. It does not appear as one of the specifications in appellants' motion for a new trial. It was not error to strike out the exhibits filed with appellants' fifth paragraph of answer. These exhibits consisted of printed statements of the condition of appellee company, of the plan or method of doing business, and of the profit coming to both borrowing and non-borrowing stockholders. The fifth paragraph of answer was held sufficient without these exhibits. Its allegations covered all the material facts stated in the exhibits, and upon the trial they were admitted in evidence thereunder. The foundation of the answer was not the exhibits, and, as evidence, they performed for appellants every legal service to which they were entitled. Nor did the trial court commit reversible error in sustaining appellee's demurrer to the second, third, and sixth paragraphs of answer. Any evidence admissible

under the second and third paragraphs was admissible under the other issues made, and the defense of *ultra vires* attempted in the sixth paragraph could not be made by appellant in his position as appellee's debtor. *Poock v. Lafayette Bldg. Assn.,* 71 Ind. 357; *Chicago, etc., R. Co. v. Derkes,* 103 Ind. 520; *National Bank v. Matthews,* 98 U. S. 621; Thompson, Corporations, §§6021-6040. The rule prohibiting a debtor from denying the right of the creditor to make the loan to him is well stated by Thompson in §6040, *supra,* as follows: "The doctrine now is, that the corporation thus making the loan in good faith may recover upon or enforce the security, and that the borrower will be estopped, by his act of receiving the loan and keeping the money, from setting up that the corporation had no power to make it."

The questions raised under appellants' motion for a new trial hardly admit of separate discussion. It is the well settled law in this State that where a certificate of stock of a building and loan association provides that the payments thereon shall not exceed a certain number specified therein, the stockholder can not be required to pay more than the specified number. The payment of the number of payments named in the certificate of stock may not mature it and make it worth its face value—which result the association does not guarantee—but the stock only matures when the dues paid and earnings apportioned to it amount to the face value thereof. *Wayne, etc., Assn. v. Skelton,* 27 Ind. App. 624; *Union Mut., etc., Assn. v. Aichele,* 28 Ind. App. 69. That when the stockholder becomes a borrowing member, and such agreement as to the number of payments to be made is not carried into the bond and mortgage securing the loan, but instead thereof it is provided in the bond and mortgage that the borrower shall continue to pay the dues on such stock until it matures according to the by-laws of such association, then in such case the limitation placed on the number of payments is of no avail to the borrowing

member, because the contract as represented by his bond and mortgage is the contract by which he is bound, and its terms as to the repayment of the loan will be enforced. *Wayne, etc., Assn.* v. *Skelton, supra.*  Oral or printed statements made by the officers or agents of a building and loan association in direct contradiction of the by-laws, when the by-laws are made a part of the contract by reference thereto, or when such declarations or statements are in direct contradiction of the plain language of the contract itself, whether relied upon by the person to whom made or not, can not be made the basis of an estoppel, unless such representations are fraudulently made.  The case of *Hartman* v. *International Bldg., etc., Assn.,* 28 Ind. App. 65, does not hold otherwise, and its reasoning is in line with this statement of the law.

The case at bar is not within the reasoning or rule announced in *Lime City, etc., Assn.* v. *Wagner,* 122 Ind. 78, 17 Am. St. 342, and *International Bldg., etc., Assn.* v. *Bratton,* 24 Ind. App. 654.  Both the bond and mortgage required appellant to pay the dues until the stock matured.  This she had not done.  The trial court properly permitted the secretary of the appellee association to testify as to the value of appellants' stock at the time of the trial, and we think rendered a correct judgment from the evidence presented by the record.

Judgment affirmed.