## BUSH ET AL. *v.* GERMAN-AMERICAN BUILDING ASSOCIATION OF INDIANA.

[No. 4,849.   Filed October 4, 1904.]

APPEAL AND ERROR.—*Evidence.*—*Assignment of Error.*—*Statute of 1903.*—Where error is not assigned under the act of 1903 (Acts 1903, p. 341), and the motion for a new trial is on the grounds that the decision of the court is not sustained by sufficient evidence, the only question for determination on appeal is whether the judgment had any evidence on which to rest. *p. 585.*

SAME.—*Evidence.*—*Mortgages.*—*Foreclosure.*—Where, in an action to foreclose a building and loan association mortgage, the defendant interposed the defense of fraud, charging that plaintiff represented to defendants that they would be required to make but seventy-two payments of $9 each, and a witness called by both parties testified that at

the time of the execution of the bond and mortgage he read the same over to the mortgagors just as they were printed and written, and that he did not think anything was said as to the number of payments, a judgment for plaintiff was not without evidence. *p. 585.*

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Action by the German-American Building Association of Indiana against Abraham Bush and wife. From a judgment in favor of plaintiff, defendants appeal. *Affirmed.*

*Byron McMahan* and *E. F. Daily,* for appellants.

*M. A. Chipman, S. M. Keltner, E. E. Hendee, J. F. Carson* and *C. N. Thompson,* for appellee.

HENLEY, J.—Action by appellee upon a bond for money loaned, and to foreclose a mortgage securing the debt. The complaint was in a single paragraph. The appellants answered in four paragraphs. The first paragraph was a general denial; the second a plea of payment; the third and fourth special answers averring fraud in the execution of the bond and mortgage, and charging, as constituting the fraud, that appellants were at the time of the execution of the bond and mortgage old and feeble; that their sight and hearing were impaired; that they were ignorant and uneducated; and that appellee, knowing these facts, and for the fraudulent purpose of inducing them to execute the bond and mortgage in suit, represented to appellants that all they would be required to pay to satisfy the bond and mortgage would be seventy-two monthly payments of $9 each; that appellants relied upon the statements and representations so made, and had no means of discovering their falsity, and so executed said bond, believing that seventy-two monthly payments of $9 each would fully pay and satisfy the debt. To the second, third, and fourth paragraphs of answer, appellee filed a reply in general denial, and a special reply alleging a former adjudication. Upon the issues so formed, the cause was tried by the

court, and a finding made and judgment rendered in favor of appellee for $363, and for the foreclosure of the mortgage. Appellant did not move to modify the judgment.

The only alleged error relied upon for the reversal of the judgment is the error, if any, of the trial court in overruling appellant's motion for a new trial. The motion for a new trial is upon the following grounds: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law.

Appellant has not assigned error under the act of 1903, requiring this court to weigh the evidence. Acts 1903, p. 338, §8. The only question to determine, therefore, is, has the judgment any evidence on which to rest? The issue was wholly upon the question of fraud. Mr. Beeler, a witness called both for appellants and appellee, and whose evidence was apparently fair to both parties to this controversy, testified that at the time of the execution of the bond and mortgage he read both instruments to appellants just as they were printed and written, and as to the seventy-two payments being all that it was necessary to make to satisfy the debt, he testified that he did not think anything was said on that subject at the time the bond and mortgage were executed. There was some evidence upon which the judgment could stand.

In *Hartman* v. *International Bldg., etc., Assn.,* 28 Ind. App. 65, an answer alleging fraud in the execution of the bond and mortgage was held a sufficient answer to the complaint to foreclose. The issue in the case at bar was upon an answer not materially different from the answer held sufficient in the Hartman case. The difference between the Hartman case and the case at bar is, in that case the question was upon the sufficiency of an answer; in this case, upon the sufficiency of the evidence to sustain such an answer.

We find no error. Judgment affirmed.