GUARANTY SAVING AND LOAN ASSOCIATION
v. SIMKO ET AL.

[No. 4,694.   Filed May 12, 1905.]

1.  BUILDING AND LOAN ASSOCIATIONS.—*Membership.*—*Acceptance of Conditions.*—Where persons apply for membership in a building and loan association, and accept the stock thereof on the conditions named therein, they are bound by such conditions.   p. 414.

2.  SAME.—*Bonds.*—*Mortgages.*—*Fraudulent Representations.*—Where persons borrowed money from a building and loan association, knowing the provisions of the by-laws thereof, and they were not deceived, nor prevented from knowing the provisions of the note and mortgage which they signed in securing the loan from such association, they will be compelled to perform the terms of such bond and mortgage.   p. 415.

3.  SAME.— *Fraudulent Representations of Agent.*— *Opinion.*— Where the statements made by the agent of a building and loan association to

a borrower are merely the expressions of opinion as to the length of time required to mature the stock and cancel a loan, the borrower will be held to the terms of the bond and mortgage given for such loan. p. 415.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by the Guaranty Saving and Loan Association against Andrew Simko and wife. From a decree for defendants, plaintiff appeals. *Reversed.*

*Johannes Kopelke,* for appellant.
*A. F. Knotts* and *A. C. Eichhorn,* for appellees.

ROBINSON, P. J.—Suit to foreclose a mortgage executed by appellees to secure the payment of a bond. Appellees became stockholders in appellant association, obtained a loan upon their stock, and executed a mortgage to secure the loan. Appellees answered that when the stock was taken, the loan contracted and the bond and mortgage executed, appellant's agent falsely and fraudulently, and intending to deceive appellees, represented that seventy-two monthly payments would mature the stock, and that if they became borrowers, and made seventy-two monthly payments of a stipulated sum, with premium and interest, the loan would be paid; that appellees believed the statements so made, relied on them, and executed the bond and mortgage; that before the bringing of this action they had made more payments than the agent represented would be necessary. Trial by the court, and finding and judgment for appellees.

Overruling appellant's motion for a new trial, on the grounds that the finding is not sustained by sufficient evidence and is contrary to law, is assigned as error.

The certificate of stock recites that appellees are members of appellant association, and have subscribed for and are the holders of four shares of eighty-four-payment stock, of the par value at maturity of $100 each; that it is issued to and accepted by the holders on condition that they shall pay to appellant $50.40 for each share, divided into eighty-four in-

stalments, beginning one month from that date, of the sum of sixty cents per share per month until the total sum has been paid, and if the stock shall not have reached its par value when the amount above specified has been fully paid in, then all subsequent earnings thereon shall be credited to such stock, without any deductions for expense, until the same is fully matured; and that the holders accept and agree to all the terms and conditions expressed in the by-laws. The amount borrowed was $350, and the bond provides that if appellees' shall pay that sum, with six per cent. interest per annum and seven per cent. premium per annum, payable monthly on the first day of each month, until the dues on the stock pledged as collateral, together with the profits apportioned thereto, shall equal the sum above mentioned, and shall pay the regular dues on four shares of eighty-four-payment stock in eighty-four monthly instalments, as provided in the by-laws relating to such class of stock, and shall pay all fines, taxes, insurance and other charges imposed by the constitution and by-laws of appellant, or provided in the mortgage, then the bond to be void. The by-laws provide, among other things, that instalment stock to be known as eighty-four-payment stock shall be issued and sold, upon each share of which the holder should make eighty-four, and no more, payments, payable in equal monthly instalments of sixty cents per share; that when the requisite number of payments have been made on any share of any class of limited-payment instalment stock, the subsequent earnings thereon should be credited to such stock, without any deductions for expense, until such share shall have reached its maturity value; instalment stock should be deemed to have matured when the amount standing to the credit thereof should equal $100. In January and July each year all undivided profits should be apportioned and credited to the shares in force at the time of such distribution.

1.    Appellees, upon their own application, became mem-

bers of appellant association, and the certificate of stock was issued to and accepted by them on the conditions therein named.   As stockholders they were required to make only eighty-four monthly payments of dues, but whether they would then be entitled to $100 for each share of stock held depended upon whether these payments and the profits had brought the shares up to the par value.   If they had not, the subsequent earnings on the stock should be credited to each share until it should have reached its maturity value.   But when appellees became borrowers they were to pay the sum borrowed by making monthly payments of dues, not for any specified time, but until the dues on the stock pledged as collateral, together with the profits apportioned thereto, should equal the sum borrowed.

2.   As appellees must know the provisions of the by-laws of the association of which they are members, and as it is not shown that they were in any way prevented from knowing the provisions contained in the bond and mortgage when they signed them, and as it also appears that the papers executed by appellees were before the parties at the time the representations were made, they can not be heard to say that they were deceived by the representations of the agent that they would be required to make seventy-two payments only.   When the representations of the agent are taken in connection with the provisions and conditions in the certificate of stock, by-laws, bond and mortgage, they can not be said to be representations of facts, but were no more than the expression of the opinion held by the agent making them. See *Wayne, etc., Assn.* v. *Gilmore* (1906), 36 Ind. App. ——, and cases cited; *Union Mut., etc., Assn.* v. *Aichele* (1901), 28 Ind. App. 69; *Wayne, etc., Assn.* v. *Skelton* (1901), 27 Ind. App. 624.

3.   It is quite true that fraud arising out of the negotiations leading up to the execution of a written contract is not merged in the written contract (*Moore* v. *Harmon* [1895], 142 Ind. 555); but in the case at bar a consideration of the

evidence leads to the conclusion that what the agent said to appellees was not so much the representation of facts as it was the opinion of the agent as to the number of payments that would be required to satisfy the loan.    What is said in the opinion in *Wayne, etc., Assn.* v. *Gilmore, supra,* in distinguishing the case of *Hartman* v. *International Bldg., etc., Assn.* (1901), 28 Ind. App. 65, from that case, is applicable in the case at bar.    The motion for a new trial should have been sustained.

Judgment reversed.