## WILEY v. COMMONWEALTH LOAN & SAVINGS ASSOCIATION OF INDIANA.

[No. 6,337.   Filed January 27, 1909.]

1. BUILDING AND LOAN ASSOCIATIONS.—*Mortgages.—Payment.*— Where the by-laws, bonds and mortgages of a building and loan association provided that interest and premiums should be paid on the loan until the maturity of the stock, that a certain number of payments should be made on such stock, that the stock should mature and cancel the loan when the stock payments together with its share of the dividends equaled the par value thereof, the making of the required number of payments on the stock does not mature same nor cancel the loan.  p. 211.

2. BUILDING AND LOAN ASSOCIATIONS.—*Maturity of Stock.—Fraudulent Representations.*—Where the by-laws, bonds and mortgages of a building and loan association require payment of interest and premiums upon loans until the loan is canceled by the maturity of the stock, and that a certain number of stock payments shall be required, representations by the company that the making of such stock payments would mature the stock and cancel the loan do not constitute any defense to a suit for forclosure, the defendant having no right to rely thereon.  p. 212.

3. BUILDING AND LOAN ASSOCIATIONS.—*Mortgages.—Stock.—Interest.—Premiums.—Application of Payments.*—In computing the

amount due on a building and loan mortgage the stock payments and dividends thereon, but not the interest and premiums, should be credited thereon.    p. 212.

4.    BUILDING AND LOAN ASSOCIATIONS.—*Funds.—Loans.—Credits.—Expenses.—Statutes.*—Prior to 1897 all money paid into the loan fund of a building and loan association had to be credited on the stock, but subsequently (§4128 Burns 1908, Acts 1897, p. 284, §2) the expense fund was abolished, and all expenses were payable out of the earnings of the loan fund.    p. 213.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Cross-complaint by the Commonwealth Loan & Savings Association of Indiana against William II. Wiley. From a decree for cross-complainant, defendant appeals. *Affirmed.*

*B. F. Ratcliff, John C. Farber* and *S. M. Ralston,* for appellant.

*E. F. Gruber, Augustin Boice* and *Harry C. Sheridan,* for appellee.

HADLEY, J.—This was a suit brought by appellant against appellee to cancel a mortgage given by appellant's grantor to appellee. The complaint is in two paragraphs, the first of which avers that by the terms of the written contract between the parties the debt had been fully paid, and the mortgage should be released. The second paragraph avers the terms of the written contract, and also avers that the appellee fraudulently and falsely construed said contract at the time of the making of the loan, and thereby induced the mortgagor to enter into the same; that under the contract, as so falsely construed, the loan has been fully paid. Demurrers to said paragraphs were overruled. Appellee filed an answer to each of said paragraphs, and also filed a cross-complaint, wherein the bond given for the debt, and the mortgage to secure the same, a certificate of stock that was issued at the time of the making of the loan to appellant's grantor, and which was a part of the transaction and held by appellee to secure said bond, together with the by-laws of the association, referred to in said instruments, were

exhibited. It is also shown that said mortgage and bond were executed by one Jones to appellee, and the certificate of stock issued to said Jones; that thereafter appellant purchased the land covered by said mortgage, and in his deed, as a part of the consideration of said transfer, assumed and agreed to pay said mortgage. Prayer for a judgment against appellant and for a decree of foreclosure of said mortgage.

To this cross-complaint appellant answered in six paragraphs: (1) general denial; (2) payment; (3) a discharge by reason of the terms of the contract, as shown by the writings; (4) and (5) a discharge by reason of the writings, as falsely and fraudulently represented and construed by appellee at the time of the making of the loan, whereby appellant's grantor was induced to enter into the contract; (6) a detailed plea of payment. The court sustained a demurrer to the third, fourth and fifth paragraphs of this answer. Upon issues joined, trial was had by the court and a decree entered in favor of appellee. Appellant assails the ruling of the court upon the demurrers to the third, fourth and fifth paragraphs of answer to the cross-complaint.

We do not deem it necessary to set out the terms of the bond, mortgage, certificate of stock and by-laws, which together formed the contract and are exhibited by the cross-complaint and paragraphs of answer thereto under consideration, since the contract thus shown is in all the essential details substantially the same as is considered in the cases of *Guaranty Sav., etc., Assn.* v. *Simko* (1905), 35 Ind. App. 412, *Miller* v. *Wayne, etc., Loan Assn.* (1904), 32 Ind. App. 480. *Wayne, etc., Loan Assn.* v. *Gilmore* (1906), 37 Ind. App. 146, and *Wayne, etc., Loan Assn.* v. *Skelton* (1901), 27 Ind. App. 624, and must be governed by the same rules as are therein laid down, which must be considered established, and a review or discussion of the same would be unprofitable.

Appellant has sought to distinguish this case from those

cases; but the bond, mortgage, certificate of stock and by-laws, all forming a part of the transaction, are exhibited, and will not bear the construction put upon them by appellant. The bond primarily binds the obligor to the payment of $500, together with six per cent interest and six per cent premium per annum, payable in equal monthly instalments during the continuance of the loan; and it is provided that the loan shall continue until the stock, which is held to secure the bond, matures under section forty-three of the by-laws, which section provides that the stock shall mature when the amount of stock payments, together with its pro rata share of the dividends, shall equal the par value of the same. The bond, as well as the certificate of stock, provides that payments on the stock shall be limited to ninety-six monthly payments, but nowhere is there a declaration that payments on the loan are so limited. There is some circumlocution in arriving at the exact contract; but the different parts are all connected and referred to in such a way that an ordinarily careful reading of the various instruments discloses the whole contract with clearness.

The fourth and fifth paragraphs of answer to the cross-complaint averred substantially the same acts of fraud and misrepresentation as are alleged in *Wayne, etc., Loan Assn.* v. *Gilmore, supra,* and *Guaranty Sav., etc., Assn.* v. *Simko, supra,* and the rules given in those cases must be applied here.

Appellant also insists that the amount of the recovery is too large, for the reason that the court refused to credit the stock with the monthly payments of premium and interest. This position is untenable, since such a construction would be permitting appellant to pay the interest and premium to himself. Appellant's own figures show that in such a case appellant would have the use of $500 for eight years, and during that time would pay in $720 and at its expiration would receive $774.41 with

which to repay his loan, thereby having free use of $500 for said term and in addition receiving $54.41 clear profit. Where the profit is to come from is not shown. If, as appellant contends, this premium and interest should have been paid into the loan fund, it could only be apportioned and credited upon the stock as dividends, and then only as earnings after the payment of expenses after July, 1897.

Prior to said last-mentioned date all earnings that went into the loan fund had to be apportioned to the stock, except, perhaps, what might be necessary to recoup losses;

4. but after said date it was provided by the by-laws, in compliance with the law enacted at that time, that the expense fund should be abolished and receipts therefor turned into the loan fund, and all expenses paid out of the earnings · in the loan fund. This being true, it does not appear that there was any portion of the loan fund that was not properly applied to appellant's stock as dividends, and, upon the evidence, the amount was properly assessed.

We have considered all of the questions properly presented, but have not entered into an extended discussion in this opinion, for the reason that it could only be a repetition of what has already been said in the cases cited.

Judgment affirmed.